Marshall, Ch. J.,
 

 delivered the opinion of the court. —In this case, each party has appealed from the sentence of the circuit court. Maley complains of that sentence, because it subjects him to damages and costs for the value of the Mercator and her cargo, first captured by him, and afterwards taken out of his possession by a British privateer, and because, also, some items are admitted into the account, taken for the purpose of ascertaining the sum for which he is liable, which ought to be excluded from it. Shattuck complains of the sentence, because he was not allowed by the circuit court, all the items contained in the report, to the whole of which he thinks himself entitled.
 

 *!n discussing the right of Shattuck to compensation for the Mercator, and her cargo, the first question which presents itself is, was that vessel and cargo really his property ? Without reciting the various documents filed in the cause, it will be admitted, that they demonstrate the affirmative of this question, unless the court be precluded from looking into them, by the sentence in Jamaica, condemning the ship and cargo as lawful prize.
 

 On the conelusiveness of the sentence of a foreign court of admiralty, it is not intended now to decide. For the present, therefore, such sentence will be considered as conclusive, to the same extent which is allowed to it in the courts of Great Britain. But, in those courts, it has never been supposed to evidence more than its own correctness ; it has, consequently, never been supposed to establish any particular fact, without which the sentence may have been rightly pronounced. If then, in the present case, the Mercator, with her cargo, may have been condemned as prize, although, in fact, they were both known to be the property of a neutral, the sentence of condemnation does not negative the averment, that they both belonged to Jared; Shattuck.
 

 
 *293
 
 It is well known, that a vessel libelled as enemy’s property, is condemned as prize, if she act in such manner as to forfeit the protection to which she is entitled by her neutral character. If, for example, a search be resisted, or an attempt be made to enter a blockaded port, the laws of war, as exercised by belligerents, authorize a condemnation as enemy’s property, however clearly it may be proved, that the vessel is in truth the vessel of a friend.
 
 [1]
 
 Of consequence, this sentence, being only conclusive of to its own correctness, leaves the fact of real title open to investigation. This positive impediment to inquiry being removed, no doubt upon the subject can be entertained.
 

 It being proved that the Mercator and her cargo belonged to Jared Shat-tuck, who, though bom in the United States, had removed to the island of St. Thomas, *and had acquired all the commercial rights of his domi- r¡N cil, before the occurrence of those circumstances which occasioned *• the acts of congress under which this seizure is alleged to have been made, the case of the
 
 Charming Betsy
 
 determines that the vessel and cargo were not liable to forfeiture under those acts.
 

 It remains then to inquire, whether the Mercator appeared under such circumstances of suspicion as to justify her seizure ? On this point too, the authority of the
 
 Charming Betsy
 
 appears to be decisive. In each case, the vessel was built in America, and had been recently sold to a person born in the United States, who had become a Danish burgher, before the rupture between this country and France ; and both cases present the same circumstances of suspicion, derived from the practice of the island to cover American as Danish property. The points of dissimilitude are, that in the
 
 Charming Betsy,
 
 the captain and crew were of a description
 
 to give greater
 
 suspicion than the captain and crew of the Mercator ; and in the Charming Betsy, was found a
 
 proc'es verbal,
 
 which stated facts unfavorable to that vessel, whereas, no similar paper was found in the Mercator. The only circumstance of suspicion attending the Mercator, which did not belong to the Charming Betsy, is, that she was bound to Port-au-Prince, and was taken entering the port of Jacmel. This circumstance appears to be sufficiently accounted for, but if it was not, the court can perceive in it no evidence of her being American property, which can weigh against the testimony offered by the papers that she was Danish. The documents on this point which were thought decisive in the case of the
 
 Charming Betsy
 
 exist in this case also. The information of the captain, uncontradicted by any of his crew, in this case, as in that, is corroborated and confirmed by the documents on board the vessel.
 

 The only paper, the absence of which could be important, was an authenticated burgher’s brief proving the captain to have been a Danish subject. How far *the absence of this paper might have justified a suspicion r* in a belligerent that she was enemy-property, so as to excuse from damages for capture and detention, according to the usages of belligerents, the court will not undertake to determine ; but it was a casualty which is not sufficient to justify a suspicion that the vessel was American. The burgher’s brief is stated to have been in possession of the captain ; but is supposed not to have been produced, and, consequently, it could have no influence on Lieutenant Maley. However this may be, no inquiry respecting
 
 *294
 
 it was made, and he does not appear to have suggested any difficulty on that ground.
 

 Unquestionably, Lieutenant Maley had a right to stop and to search the Mercator, and to exercise his judgment on the propriety of detaining her ; but, in the exercise of that judgment, he appears to have come to a decision not warranted by the testimony presented to him. The circumstances of suspicion arising in the case, were not sufficiently strong to justify the seizure which was made.
 

 But it is obvious, that Lieutenant Maley suspected the Mercator to be a French, not an American vessel. In his answer, he says, that he mistook the captain for a Frenchman ; in his letter of instructions, he speaks of the vessel as a prize ; and in the protest of the American prize-master, she is denominated “ a French prize.” From these circumstances combined, it is supposed to be sufficiently apparent, that the mistake committed by Lieutenant Maley was in supposing the Mercator to be a French vessel, liable to capture under the laws of the United States.
 

 The argument of the attorney-general, that Lieutenant Maley is not liable for this loss, because it was produced by a superior force, which it was not in his power to resist, would have great weight, if the circumstances under which the Mercator appeared had been such as to justify her seizure. But the court is not of that opinion, and, consequently, that argument loses its application to this case.
 

 *Neither is it conceived, that the failure of Shattuek to appeal in time, destroys his claim on Lieutenant Maley. He had certainly a right to abandon, if he chose to do so, and to resort to the captor for damages.
 

 In the opinion given in the circuit court, that the libellant was entitled to compensation for the Mercator and her cargo, this court can perceive no error; but in so much of the report of the commissioners appointed to adjust the account as is affirmed, some unimportant inaccuracies appear. In its circumstances, this case so strongly resembles that of the
 
 Charming Betsy
 
 that the court will be governed by the rule there laid down. In pursuance of that rule, the rejection of the premium for insurance, that premium not having been paid, is approved ; but the rejection of the claim for outfits of the vessel, and the necessary advance to the crew, is disapproved. Although the general terms used in the case of the
 
 Charming Betsy
 
 would seem to exclude this item from the account, yet the particular question was not under the consideration of the court, and it is conceived to stand on the same principles with the premium of insurance, if actually paid, which was expressly allowed. But this claim is nearly balanced by two items in the account which were admitted, as this court thinks, improperly. One is the charge of $540 for the expense of soliciting compensation from the United States. The court can perceive no reason for charging this expense to Lieutenant Maley. The other is the charge of $326.12, the account of Ross & Hall, for expenses in England.
 

 Had the appeal been prosecuted in time by Shattuek, it is scarcely possible to doubt, but that the sentence of the court, in Jamaica, would have been reversed, in which case, it would have been reasonable, that the expense of the prosecution should have been paid by Lieutenant Maley. But as it was not prosecuted in time, in consequence of which the proceeds of the vessel
 
 *295
 
 and *eargo were lost, it is not conceived, that Lieutenant Maley ought to be charged with the cost of a subsequent ineffectual attempt, not made at his instance, to repair the original neglect. What may be the claim of Shattuek, on the government of the United States, for this sum, is not for this court to inquire ; but his claim against Lieutenant Maley is not admitted.
 

 This eourt affirms so much of the sentence of the circuit eourt, as awards compensation for the Mercator, and her cargo, to the libellant, and approves of the sentence on the report of the commissioners, except as to that part which rejects the claim for advances for the outfits of the vessel, and the wages of the crew, and which admits the charges of $540, on account of the expenses attending the application to the government of the United States, and of $326.12, on account of expenses attendant on the ineffectual attempt which was made to prosecute an appeal in England. In these respects, the account is to be reformed, for which purpose, so much of the sentence of the circuit court as respects this part of the subject is reversed, and the case is remanded to the circuit court to be further proceeded in, as to justice shall appertain.
 

 [1]
 

 The Baigorry, 2 Wall. 474.