### ROAD IMPROVEMENT DIST. NO. 7 OF POINSETT COUNTY, ARK., v. GUARDIAN SAVINGS & TRUST CO.

(Circuit Court of Appeals, Eighth Circuit. March 28, 1924.)

No. 6422.

1. **Courts ⊚⇒259—Remedial right to proceed in federal court cannot be enlarged or diminished by state statute.**

   A remedial right to proceed in a federal court cannot be enlarged or diminished by a state statute.

2. **Receivers ⊚⇒29(1)—Federal courts have general equity power to appoint receivers.**

   The general power to appoint receivers in proper cases and under proper circumstances inheres in federal equity jurisdiction.

3. **Highways ⊚⇒90—Road improvement district is public or quasi public corporation.**

   A state road improvement district is a public or quasi public corporation.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Corporation;· Quasi Public Corporation.]

4. **Highways ⊚⇒121—Assessments levied against benefits to pay for road improvement are "taxes."**

   Assessments levied against benefits to pay for road improvements by a road improvement district are "taxes."

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax—Taxation.]

5. **Courts ⊚⇒262(3)—Federal equity courts have no jurisdiction to appoint receiver to collect assessments of road improvement district.**

   A federal court of equity has no jurisdiction to appoint a receiver to collect assessments to pay past-due bonds and interest coupons issued by a state road improvement district.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. **Highways ☞ 147—Bill to appoint receiver to collect assessments of improvement district held subject to dismissal.**

In a suit for the appointment of a receiver to collect improvement assessments of a road improvement district to pay past-due bonds and interest coupons, where no bank or other depository of the district's funds was made party and allegations that large sums of money belonging to the district were on deposit were unsupported by evidence, the bill should have been dismissed.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by the Guardian Savings & Trust Company, trustee, against Road Improvement District No. 7 of Poinsett County, Ark. From a decree for plaintiff, defendant appeals. Bill dismissed without prejudice.

Certiorari granted 44 Sup. Ct. 637, 68 L. Ed. ——.

J. F. Gautney, of Jonesboro, Ark., and Henry D. Ashley, of Kansas City, Mo., for appellant.

G. B. Rose, of Little Rock, Ark. (D. H. Cantrell, J. F. Loughborough, and A. W. Dobyns, all of Little Rock, Ark., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is a bill by a trustee, for bondholders under a so-called mortgage, to obtain the appointment of a receiver and the payment of past-due bonds and interest coupons issued by a road improvement district. The defendant is a road district organized under a special act of the Arkansas Legislature for the purpose of building a road to be paid for from special benefit assessments upon land in the district. Various owners of such land intervened in opposition to the bill. The decree established the validity of the mortgage, the amount and ownership of the bonds outstanding and the delinquency of the district as to interest and adjudged that a receiver should be appointed to collect the assessments theretofore levied on the land in the district. From that decree, this appeal is brought.

Appellants state 14 points in their brief, 7 of which they argue. In the view taken by this court, it is necessary to examine but one of these. The jurisdiction of the trial court is challenged on the ground that the contract between the bondholders and the district provided, in case of default in payment, for appointment of a receiver by the state chancery court for the purpose of collecting assessments to pay the obligations due the bondholders and that such contract made that remedy and that forum the exclusive resort for such relief. The statute, authorizing organization of the district and the issuance of bonds, provides that the chancery court of Poinsett county may, in case of default on the bonds, appoint a receiver to collect assessments and pay the bonds. The argument is that the remedy became part of the contract with the bondholders. Appellee answers this contention by claiming that the statute creating the district provided for the appointment of such receiver by the state chancery court and that "it is elementary law that no jurisdic-

☞ For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

298 F.—18

tion can be conferred upon a state court without conferring a similar jurisdiction upon the federal courts." Thus, this contention presents for determination the jurisdiction of the trial court to appoint a receiver herein.

[1] A remedial right to proceed in a federal court cannot be enlarged or diminished by a state statute. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 43 Sup. Ct. 454, 67 L. Ed. 763. The Hanssen Case involved the right of a federal court to appoint a receiver under conditions where a state statute gave such right to the state court.

[2-4] We are, therefore, remitted to the inquiry as to whether a federal court of equity has jurisdiction to appoint a receiver such as here sought. Of course, the general power to appoint receivers, in proper cases and under proper circumstances, inheres in federal equity jurisdiction. Therefore, the question here is whether federal courts can appoint receivers for the purposes set forth in this bill. Those purposes are to collect and enforce payment of such portion of the benefits assessed against the land in this district as may be necessary to pay the claims of the bondholders. A district such as this is a public corporation or quasi public corporation (Essex Road Dist. v. Skinkle, 140 U. S. 334, 339, 11 Sup. Ct. 790, 35 L. Ed. 446; Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112, 174, 17 Sup. Ct. 56, 41 L. Ed. 369; Tregea v. Modesto Irr. Dist., 164 U. S. 179, 186, 17 Sup. Ct. 52, 41 L. Ed. 395), and assessments levied against benefits to pay for such public improvements are taxes (Heine v. Levee Com'rs, 19 Wall. 655, 660, 22 L. Ed. 223; Fallbrook Irr. Dist. v. Bradley, 164 U. S. 112, 176, 17 Sup. Ct. 56, 41 L. Ed. 369; Bauman v. Ross, 167 U. S. 548, 588, 17 Sup. Ct. 966, 42 L. Ed. 270; Norwood v. Baker, 172 U. S. 269, 277, 19 Sup. Ct. 187, 43 L. Ed. 443). It has been repeatedly held that a federal court of equity has no jurisdiction to levy or collect taxes. Walkley v. City of Muscatine, 6 Wall. 481, 18 L. Ed. 930; Rees v. City of Watertown, 19 Wall. 107, 22 L. Ed. 72; Raton Waterworks Co. v. Raton, 174 U. S. 360, 364, 19 Sup. Ct. 719, 43 L. Ed. 1005; Graham v. Folsom, 200 U. S. 248, 253, 26 Sup. Ct. 245, 50 L. Ed. 464. This principle has been applied to benefit assessments. Heine v. Levee Com'rs, 19 Wall. 655, where it was said at page 661 (22 L. Ed. 223):

"It is not only not one of the inherent powers of the court to levy and collect taxes, but it is an invasion by the judiciary of the federal government of the legislative functions of the state government."

This principle has, also, been applied where a part of the relief sought was a receiver (Thompson v. Allen County, 115 U. S. 550, 6 Sup. Ct. 140, 29 L. Ed. 472), and even where the state statute authorized a receiver (Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197). In the Meriwether Case, the court said (102 U. S. 515, 26 L. Ed. 197):

"The levying of taxes is not a judicial act. It has no elements of one. It is a high act of sovereignty, to be performed only by the Legislature upon considerations of policy, necessity, and the public welfare. In the distribution of the powers of government in this country into three departments, the power of taxation falls to the legislative. It belongs to that department to determine what measures shall be taken for the public welfare, and to provide the revenues for the support and due administration of the government throughout the state and in all its subdivisions. Having the sole power

to authorize the tax, it must equally possess the sole power to prescribe the means by which the tax shall be collected, and to designate the officers through whom its will shall be enforced.

"It is the province of the courts to decide causes between parties, and, in so doing, to construe the Constitution and the statutes of the United States, and of the several states, and to declare the law, and, when their judgments are rendered, to enforce them by such remedies as legislation has prescribed, or as are allowed by the established practice. When they go beyond this, they go outside of their legitimate domain, and encroach upon the other departments of the government; and all will admit that a strict confinement of each department within its own proper sphere was designed by the founders of our government, and is essential to its successful administration."

This court, in an opinion concurred in by Mr. Justice Van Devanter, applied the same rule to a case where a receiver was sought to collect benefit assessments in a street grading district in Arkansas. Street Grading District No. 60 v. Hagadorn, 186 Fed. 451, 108 C. C. A. 429. For statement of the same principle as recognized concerning state courts see McLean County v. Bank, 81 Ky. 254. Generally, see Dillon on Municipal Corporations (5th Ed.) § 336.

[5, 6] The above citations rule the point now before us. The trial court had no jurisdiction to appoint the receiver herein. It is true that the bill alleged, also, that there were large sums of money in the hands of the district on deposit which should be cared for and applied to the payment of the bonds "if setting aside of said assessment is to stand" (the quoted matter referring to the suit in the state chancery court). Also, a portion of the prayer was "that any moneys on hand belonging to said district be applied to the payment of said bonds and coupons thereto attached." However, no banks or alleged depositories were made parties; no evidence of funds being on deposit was offered; no situation involving any such deposits appeared anywhere in the trial; the court made no decree relating thereto. The sole relief decreed by the court was the appointment of a receiver to collect these assessments. As the court had no jurisdiction to appoint a receiver and as there was no evidence as to any deposited funds belonging to the district, the court should have dismissed the bill without prejudice at the costs of appellee, and

It is so ordered.