# CASES ADJUDGED

## IN THE

# SUPREME COURT OF THE UNITED STATES

### AT

## OCTOBER TERM, 1924.

---

## GUARDIAN SAVINGS & TRUST COMPANY, TRUS-TEE, *v.* ROAD IMPROVEMENT DISTRICT NO. 7 OF POINSETT COUNTY, ARKANSAS.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 389.  Argued January 8, 1925.—Decided January 19, 1925.

When state legislation has authorized and confirmed assessments of benefits on lands of a special improvement district and the mortgaging of these taxes as security for bonds to be sold to the public, and has provided in terms for collection of the taxes through a receiver to be appointed by a state court to pay the bonds in case of default, and the bonds are bought by the public upon this assurance, the power thus conferred upon the state court may be exercised by the federal District Court, in a suit to foreclose the mortgage in which jurisdiction otherwise exists through diversity of citizenship.  P. 6.

298 Fed. 272, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals which reversed a decree of the District Court and directed that the bill be dismissed.  The decree of the District Court was made in a suit brought by a trustee for bond-holders, alleging diversity of citizenship, against a road improvement district, to foreclose a mortgage covering the assets of the district, including assessments for benefits already made and confirmed against the lands of the district.  The decree directed a receiver to collect these taxes to the extent necessary to pay outstanding bonds and coupons.

1

*Mr. G. B. Rose,* with whom *Mr. D. H. Cantrell, Mr. J. F. Loughborough* and *Mr. A. W. Dobyns* were on the briefs, for petitioner.

The question is whether the statute creates a substantive right, or whether it deals merely with a remedy. If a substantive right is given, it will be enforced in the federal courts, according to the practice established in those tribunals. If only a remedy is given, unknown to federal jurisdiction, that remedy must be sought in the state courts.

Along with every mortgage there goes the right to the appointment of a receiver, where that course is essential to the protection of the mortgagee's interests. An improvement district is merely a creature of the Legislature, and the Legislature can impose upon it such liabilities as it deems fit. The Legislature has provided that so long as there is no default in the payment of the bonds, the property owners shall have a right to pay their taxes through the county collector. It has provided also that in case of such default the taxes shall be collected by a receiver appointed by the court on the application of the bondholders. That this right to the appointment of a receiver is a substantive one of the greatest value must be apparent to this Court, from its long and painful experience in matters of mandamus against public corporations.

By the terms of the statute creating the district, the bondholders were solemnly assured that if there should be default for thirty days in the payment either of principal or interest of the bonds a receiver would be appointed. It was upon the faith of this assurance that they bought the bonds. The law under which an obligation is issued enters into it and forms a part thereof, as completely as if fully set forth therein. It would be monstrous to hold that this solemn promise held out to the bondholders as an inducement to buy the bonds did not confer upon them

a substantive right which will be enforced by the federal courts.

This is particularly the case because the appointment of a receiver in a suit to foreclose a mortgage lien is a part of the ordinary equity jurisdiction of the federal courts; so that there is no attempt in the state statute to grant a remedy unknown to those courts, but merely to create a right which those courts will enforce in the manner provided by their rules and the practice in chancery.

What are substantial remedial rights is illustrated by numerous decisions of this Court. *Holland* v. *Challen,* 110 U. S. 15; *Devine* v. *Los Angeles,* 202 U. S. 313; *The Case of Broderick's Will,* 21 Wall. 503; *Ellis* v. *Davis,* 109 U. S. 485; *Farrell* v. *O'Brien,* 199 U. S. 89; *Sutton* v. *English,* 246 U. S. 199; *Gormley* v. *Clark,* 134 U. S. 338; *Louisville & N. Ry. Co.* v. *Western Union Tel. Co.,* 234 U. S. 370; *Reynolds* v. *Crawfordsville Bank,* 112, U. S. 405; *United States Mining Co.* v. *Lawson,* 134 Fed. 769, 207 U. S. 1.

This case comes exactly within the principle of the exception laid down in *Pusey & Jones Co.* v. *Hanssen,* 261 U. S. 491. See also *Butz* v. *City of Muscatine,* 8 Wall. 575; *Bronson* v. *Kinzie,* 1 How. 311; *Howard* y. *Bugbee,* 24 How. 461; *Barnitz* v. *Beverly,* 163 U. S. 118, *Sheffield* v. *Witherow,* 149 U. S. 574.

*Mr. Henry D. Ashley,* with whom *Mr. J. F. Gautney* was on the brief, for respondent.

United States courts will not assume all jurisdiction that the State courts could assume. *Heine* v. *Board of Levee Commissioners,* 19 Wall., 655.

The right to have a receiver appointed for the purpose set out in the Act is not substantive but is purely remedial. No court has an inherent right to appoint a receiver to collect or levy taxes.

The right to levy and collect taxes can only be acquired by express delegation from the legislative body and can be exercised by no other body or person than the one designated by the Legislature.

The appointment of the receiver to levy and collect taxes is not on account of the equity powers of the Chancery Court of Poinsett County, but on account of an express delegation from the Arkansas Legislature. The right, therefore, is purely remedial and is not substantive so as to be administered by any other court.

The court erred in exercising jurisdiction herein, the Chancery Court of Poinsett County having first acquired jurisdiction. *Kline* v. *Burke Construction Company*, 260 U. S. 226.

A proceeding had in a proper court for the laying out of a public road is in the nature of a proceeding *in rem* and binds all the world. *Milcreek Tp.* v. *Reed*, 29 Pa. St. 195; *Farmers Loan & T. Co.* v. *Lake St. Elevated*, 177 U. S., 51.

Section 13 of Act 322 provides that the Board of Commissioners shall enforce the collection by chancery proceedings in the Chancery Court of Poinsett County in the manner provided by Sections 23 and 24 of Act 279. Sec. 23 provides "Said proceedings and judgment shall be in the nature of proceedings *in rem.*"

The case brought in the United States District Court was a proceeding *in rem* and the suit in the Chancery Court of Poinsett County was begun before the suit in the United States District Court.

Mr. Justice Holmes delivered the opinion of the Court.

This is a bill in equity brought by the petitioner against Road Improvement District No. 7 of Poinsett County, Arkansas. It alleges that the District was organized under acts creating the District and in the second

statute confirming the District's assessment of benefits; that after the assessment the District issued its negotiable bonds, as authorized by the acts; that the bonds are in the hands of innocent purchasers for value before maturity; that, as also authorized, the bonds are secured by a mortgage of the assessments and all other assets of the District, to the plaintiff as trustee for the bondholders; and that by the terms of the acts after a default for more than thirty days in payment of interest or principal, a receiver shall be appointed to take charge of the affairs of the District. A default is alleged and is explained by a decree of the Chancery Court of Poinsett County that set aside the assessment securing the bonds and enjoined the District from paying any money belonging to it. The plaintiff and the bondholders were not parties to the suit and the decree saved their rights, but of course it prevents their getting any payment until they are relieved. The District Court made a decree for the plaintiff and directed a receiver appointed by it to collect the taxes theretofore levied to the extent necessary to pay the outstanding bonds and coupons. The Circuit Court of Appeals held that the District Court had no jurisdiction and ordered the bill to be dismissed. 298 Fed. 272.

The acts from which the District got its existence and power were Act No. 322 of the State for 1919, and Act No. 45 of the Acts of 1920, the second being an amendment of the first and a declaration and enactment that the assessments of benefits have been made and are confirmed. The plan of the first was that the assessment should be made at the outset and that thereupon the county court should enter an order ' which shall have all the force of a judgment' that there should be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement with ten per cent. added, in the proportion of the benefits, to be paid in annual instalments, not to exceed ten per cent. for any

one year. The tax is made a lien upon the land and in this way a security is created and the statute allows it to be mortgaged, as was done in this case. If any bond or coupon is not paid within thirty days of its maturity it is made the duty of the Chancery Court of Poinsett County to appoint a receiver to collect the taxes and pay what is due, and power is given to direct the receiver to foreclose the lien on the lands.

The ground on which jurisdiction was denied by the Circuit Court of Appeals was that the power to levy and collect taxes was a legislative function of the State which could not be usurped by a federal court. But while that may be true as a general doctrine, it cannot apply when a State has authorized and confirmed an assessment and a mortgage of it as security for bonds that the public is invited to buy, and has provided in terms for a collection by a receiver appointed in equity if there should be a default. There is no longer any legislative act to be done, and there is no usurpation of powers in following the course provided by state law. It seems to be recognized in *Meriwether* v. *Garrett*, 102 U. S. 472, that a receiver might be appointed by a Court of Chancery when that remedy was contemplated by the contract, as it fairly may be said to have been contemplated here. The subject matter of the mortgage and the possible foreclosure of the lien require the intervention of such a Court if right is to be done. In the argument before us there was some suggestion that the chancery power was confined to the state court named in the statute. But the decisions have done away with such a limitation and it was not relied upon by the Circuit Court of Appeals. *Madisonville Traction Co.* v. *Saint Bernard Mining Co.*, 196 U. S. 239; *Road Improvement District* v. *St. Louis Southwestern Ry. Co.*, 257 U. S. 547, 555. The state law is not merely an enlargement of the remedial powers of a local court as in *Pusey & Jones Co.* v. *Hanssen*, 261

U. S. 491, it recognizes the inadequacy of the remedy at law and is an attempt to give to purchasers of bonds the assurance of adequate relief against shortcomings that experience has taught the business world to apprehend. We see no reason why it should not succeed. *Campbellsville Lumber Co.* v. *Hubbert,* 112 Fed. 718. *Stansell* v. *Levee Board,* 13 Fed. 846. *Supervisors* v. *Rogers,* 7 Wall. 175.

The respondent attempted to open the general merits of the case. If there is anything in the effort, which we do not imply, we shall leave that for further consideration below. The Circuit Court of Appeals regarded the case as stopped at the outset by want of jurisdiction. In that we think it erred.

*Decree reversed.*