267 U.S. 1 (1925)
GUARDIAN SAVINGS & TRUST COMPANY, TRUSTEE,
v.
ROAD IMPROVEMENT DISTRICT NO. 7 OF POINSETT COUNTY, ARKANSAS.
No. 389.
Supreme Court of United States.
Argued January 8, 1925.
Decided January 19, 1925.
CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.
*2 Mr. G.B. Rose, with whom Mr. D.H. Cantrell, Mr. J.F. Loughborough and Mr. A.W. Dobyns were on the briefs, for petitioner.
Mr. Henry D. Ashley, with whom Mr. J.F. Gautney was on the brief, for respondent.
*4 MR. JUSTICE HOLMES delivered the opinion of the Court.
This is a bill in equity brought by the petitioner against Road Improvement District No. 7 of Poinsett County, Arkansas. It alleges that the District was organized under acts creating the District and in the second *5 statute confirming the District's assessment of benefits; that after the assessment the District issued its negotiable bonds, as authorized by the acts; that the bonds are in the hands of innocent purchasers for value before maturity; that, as also authorized, the bonds are secured by a mortgage of the assessments and all other assets of the District, to the plaintiff as trustee for the bondholders; and that by the terms of the acts after a default for more than thirty days in payment of interest or principal, a receiver shall be appointed to take charge of the affairs of the District. A default is alleged and is explained by a decree of the Chancery Court of Poinsett County that set aside the assessment securing the bonds and enjoined the District from paying any money belonging to it. The plaintiff and the bondholders were not parties to the suit and the decree saved their rights, but of course it prevents their getting any payment until they are relieved. The District Court made a decree for the plaintiff and directed a receiver appointed by it to collect the taxes theretofore levied to the extent necessary to pay the outstanding bonds and coupons. The Circuit Court of Appeals held that the District Court had no jurisdiction and ordered the bill to be dismissed. 298 Fed. 272.
The acts from which the District got its existence and power were Act No. 322 of the State for 1919, and Act No. 45 of the Acts of 1920, the second being an amendment of the first and a declaration and enactment that the assessments of benefits have been made and are confirmed. The plan of the first was that the assessment should be made at the outset and that thereupon the county court should enter an order `which shall have all the force of a judgment' that there should be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement with ten per cent. added, in the proportion of the benefits, to be paid in annual instalments, not to exceed ten per cent for any *6 one year. The tax is made a lien upon the land and in this way a security is created and the statute allows it to be mortgaged, as was done in this case. If any bond or coupon is not paid within thirty days of its maturity it is made the duty of the Chancery Court of Poinsett County to appoint a receiver to collect the taxes and pay what is due, and power is given to direct the receiver to foreclose the lien on the lands.
The ground on which jurisdiction was denied by the Circuit Court of Appeals was that the power to levy and collect taxes was a legislative function of the State which could not be usurped by a federal court. But while that may be true as a general doctrine, it cannot apply when a State has authorized and confirmed an assessment and a mortgage of it as security for bonds that the public is invited to buy, and has provided in terms for a collection by a receiver appointed in equity if there should be a default. There is no longer any legislative act to be done, and there is no usurpation of powers in following the course provided by state law. It seems to be recognized in Meriwether v. Garrett, 102 U.S. 472, that a receiver might be appointed by a Court of Chancery when that remedy was contemplated by the contract, as it fairly may be said to have been contemplated here. The subject matter of the mortgage and the possible foreclosure of the lien require the intervention of such a Court if right is to be done. In the argument before us there was some suggestion that the chancery power was confined to the state court named in the statute. But the decisions have done away with such a limitation and it was not relied upon by the Circuit Court of Appeals. Madisonville Traction Co. v. Saint Bernard Mining Co., 196 U.S. 239; Road Improvement District v. St. Louis Southwestern Ry. Co., 257 U.S. 547, 555. The state law is not merely an enlargement of the remedial powers of a local court as in Pusey & Jones Co. v. Hanssen, 261 *7 U.S. 491, it recognizes the inadequacy of the remedy at law and is an attempt to give to purchasers of bonds the assurance of adequate relief against shortcomings that experience has taught the business world to apprehend. We see no reason why it should not succeed. Campbellsville Lumber Co. v. Hubbert, 112 Fed. 718. Stansell v. Levee Board, 13 Fed. 846. Supervisors v. Rogers, 7 Wall. 175.
The respondent attempted to open the general merits of the case. If there is anything in the effort, which we do not imply, we shall leave that for further consideration below. The Circuit Court of Appeals regarded the case as stopped at the outset by want of jurisdiction. In that we think it erred.
Decree reversed.