Ex Parte RAFAEL FIGUEROA, Petitioner.

No. 3694.   Argued November 21, 1928.—Decided December 19, 1928.

*R. Cuevas Zequeira* for the appellant. *José F. Figueras* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Petitioner appeals from an adverse ruling made by a member of this court after a hearing upon an application for habeas corpus.

The first and second of three propositions submitted by appellant are that—

"1.—Mr. Justice Wolf erred in overruling the objections of the petitioner to the warrant of commitment, on the ground that said warrant had been issued in violation of section 2 of the Organic Act of Porto Rico, and of section 38 of the Code of Criminal Procedure now in force.

"2.—Mr. Justice Wolf erred in admitting, over the objection of the petitioner, the testimony introduced by the prosecuting attorney taken several days after the imprisonment of the petitioner."

Our Bill of Rights ordains—

"That no warrant for arrest or search shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

Section 38 of the Code of Criminal Procedure provides that—

"The commitment must be to the following effect:

" 'District of_____.

" '*The People of Porto Rico to the warden of the jail of_____ _____ district:*

" 'An order having been this day made by me that_____ be held to answer upon a charge of (stating briefly the nature of the offense, and giving as near as may be the time when and the place where the same was committed), you are commanded to receive him into your custody and detain him until he is legally discharged.

" 'Dated this_____ day of_____, eighteen_____.' "

The order of commitment in the instant case reads thus:

"To the warden of the Jail of San Juan.—An order having been this day made by me that Rafael Figueroa be held to answer upon a charge of murder, consisting in having killed with malice aforethought the human being Amador Manzanares on October 26, 1928, you are commanded to receive him into your custody and detain him until he is legally discharged. San Juan, October 27, 1928. (Sgd.) M. Romaní, District Attorney."

Upon the constitutional question, appellant cites volume 3 of Encyclopedia of U. S. Supreme Court Reports, page 953, *Ex parte Burford,* 3 Cranch, 488; 6 Encyclopedia of U. S. Supreme Court, 646, note 86, and 16 C. J. 335, note 70. The *Fiscal* of this court insists that all the authorities so relied upon deal with searches and seizures, or search warrants, or warrants of arrest issued in connection therewith. We accept this statement without having verified it.

The sworn statements adduced at the hearing and admitted over the objection of petitioner were taken three or four days after his arrest and a week or ten days before the filing of the application for a writ of habeas corpus. In the absence of any citation of authority to the contrary, we think that the question as to whether or not petitioner was entitled to be discharged was properly determined by consideration of conditions existing at the time of the application rather than at the time of incarceration. There was no error, then, in admitting the sworn statements over the objection that they had been taken several days after the date of arrest and commitment.

The order of commitment might have been amended at the hearing and, for the purposes of this opinion, such amendment may be regarded as made.

The third and last assignment is that—

"Mr. Justice Wolf erred in overruling the application for habeas corpus of Rafael Figueroa, holding that there was probable cause to deny the discharge under bail."

The showing made at the hearing was identical with that in the case of *Rosa Molina de Manzanares* v. *Lugo, ante,* page 803. But there are at least two distinctive features, which suffice to show that the *ratio decidendi* in the *Molina Case* applies *a fortiori* to the case at bar. Figueroa was prima facie a trespasser in the home of Manzanares, if not in the bed chamber of his wife, Rosa Molina, at an unusual hour of the night. After Manzanares had been thrown from the balcony Figueroa fled at once.

In the *Molina Case* the writer could not concur in the adoption by a majority of this court of the so-called Pennsylvania rule followed in California and many other states. But, even under the more liberal test applied in the state of Texas and elsewhere, the *Molina Case* was a border line case. From the standpoint of the Pennsylvania doctrine, the conclusion reached was inevitable. The same principle must govern in the instant case.

The order appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this matter.