Ex parte Rafael Figueroa, peticionario.

No. 3694.—*Visto:* Noviembre 21, 1928. *Resuelto:* Diciembre 19, 1928.

*R. Cuevas Zequeira,* abogado del peticionario apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El peticionario apela de una resolución adversa dictada por uno de los jueces de esta corte, después de celebrada la vista en una petición de *habeas corpus.*

La primera y segunda de las tres proposiciones levantadas por el apelante son:

"1. El Juez Asociado Sr. Wolf cometió error al declarar sin lugar las objeciones hechas por el peticionario al mandamiento de prisión, en el sentido de que dicho mandamiento se había expedido con infracción del artículo segundo de la Ley Orgánica de Puerto

Rico y del art. 38 del Código de Enjuiciamiento Criminal Vigente.

"2. El Juez Asociado Sr. Wolf cometió error al admitir contra la objeción del peticionario, las declaraciones presentadas por el Fiscal, y que fueron obtenidas varios días después de haber sido encarcelado el peticionario."

Nuestra Declaración de Derechos dispone:

"No se expedirá mandamiento de arresto o registro sino por motivo fundado, apoyado con juramento o afirmación, y describiendo particularmente el lugar que ha de registrarse y las personas que han de ser detenidas o las cosas que deben ser embargadas."

El artículo 38 del Código de Enjuiciamiento Criminal lee así:

"El auto de prisión estará concebido en estos términos:
Distrito de _____
El Pueblo de Puerto Rico al alcaide de la cárcel de distrito de _____

"Habiéndose con esta fecha dictado por mí una orden para que _____ sea detenido con objeto de que responda al cargo que se le hace de (aquí se reseña brevemente la naturaleza del delito con especificación tan aproximada como sea posible, de la fecha y lugar en que se cometiera) por el presente se ordena a V. lo reciba bajo su custodia y lo detenga en tanto sea legalmente excarcelado.

"Fechado hoy día _____ de _____ de 19 ____."

La orden de encarcelación en el presente caso dice así:

"Al alcaide de la cárcel de San Juan.—Habiéndose con esta fecha dictado por mí una orden para que Rafael Figueroa sea detenido con objeto de que responda al cargo que se le hace de asesinato consistente en haber dado muerte con malicia premeditada al sér humano Amador Manzanares en 26 de octubre de 1928 en San Juan, por la presente se ordena a Ud. lo reciba bajo su custodia y lo detenga, en tanto sea legalmente excarcelado.—Fechado hoy en San Juan a 27 de octubre de 1928.—(fdo.) M. Romaní, Fiscal del Distrito."

Sobre la cuestión constitucional suscitada, el apelante cita el tomo tres de la Enciclopedia U. S. Supreme Court Reports, página 953, Ex parte Burford, 3 Cranch 488, 6 Enciclopedia U. S. Supreme Court 646, nota 86, y 16 C. J. 335,

nota 70. El fiscal de esta corte insiste en que todas las autoridades en que se funda el peticionario tratan de registros, órdenes de allanamiento u órdenes de arresto, expedidas en relación con los mismos. Aceptamos su aseveración sin comprobarla.

Las declaraciones juradas presentadas durante la vista y admitidas como prueba con la objeción del peticionario, fueron tomadas tres o cuatro días después de su arresto, y como una semana o diez días antes de radicarse la petición de *habeas corpus*. En ausencia de cualquier cita o autoridad en contrario, creemos que la cuestión de si el peticionario tiene o no derecho a ser puesto en libertad, fué debidamente resuelta al considerarse las condiciones existentes al tiempo de radicarse la solicitud, más bien que en el momento de la encarcelación. Por tanto, no hubo error alguno al admitirse las declaraciones juradas con la objeción del peticionario de que habían sido tomadas varios días después de la fecha del arresto y encarcelación.

La orden de encarcelación pudo haber sido enmendada durante la vista, y para los fines de esta opinión tal enmienda puede considerarse como hecha.

El tercer y último señalamiento de error es que:

"El Juez Asociado Sr. Wolf cometió error al declarar sin lugar la petición de *habeas corpus* de Rafael Figueroa, sosteniendo que existía causa probable para denegar la excarcelación bajo fianza."

Durante la vista se demostró que la prueba presentada en este caso era idéntica a la del de Molina de Manzanares v. Lugo, Alcaide, 38 D.P.R. 895, pero hay por lo menos dos factores sobresalientes que son suficientes para demostrar que el *ratio decidendi* en el caso de la Molina es aplicable *a fortiori* al presente. Figueroa era *prima facie* un transgresor en la casa de Manzanares, de no serlo en el propio dormitorio de la esposa de éste, Rosa Molina, a una hora inusitada de la noche. Después de haber sido lanzado Manzanares del balcón, Figueroa huyó inmediatamente.

En el caso de la Molina el juez que suscribe no pudo estar de acuerdo con la mayoría de esta corte al adoptarse la llamada regla de Pennsylvania, seguida en California y en muchos otros estados. Pero aun de acuerdo con la regla más liberal aplicada en el Estado de Texas, al igual que en otros estados, Ex parte Molina era un caso dudoso. Desde el punto de vista de la doctrina de Pennsylvania, la conclusión a que se llegó era inevitable. El mismo principio debe regir en el presente caso.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino.