LISTER SELLS and ——— SELLS, his wife; HUGH ROSS and ——— ROSS, his wife; and ROBERT N. DENHAM and CHRISTINE DENHAM, his wife, et al., v. HAROLD E. JONES, as Receiver of the Taft Drainage District, Orange County, Florida.

9 So. (2nd) 160                    Special Division B
July 7, 1942

Maguire, Voorhis & Wells, for appellants.

Baker & Thornal, for appellee.

TERRELL, J.:

In December, 1938, a receiver was appointed for Taft Drainage District by the United States District Court for the Southern District of Florida. The appointment was made at the instance of George Lafbury, a bondholder of the District as authorized by Section 1492, Compiled General Laws of 1927, the pertinent part of which is as follows:

"If any bond or interest coupon on any bond issued by said district is not paid within sixty days after its maturity, a court of competent jurisdiction, on the application of any holder of such bond or interest coupon so overdue, may appoint a receiver for the district, said receiver shall be a resident of the State of Florida or some corporation organized under the laws of Florida and authorized by such laws to act as receiver; such appointment by such court shall not be made except upon reasonable notice of such application for such appointment having been given to the Board of Supervisors of said district; . . ."

The instant suit was instituted by the appellee, receiver, in October, 1939, to foreclose drainage certificates on lands in Taft Drainage District. A motion to dismiss the amended bill of complaint was denied, answer was filed, and final decree was entered as prayed for in the bill of complaint. This appeal was prosecuted therefrom.

The power of a Federal Court to appoint a receiver under that portion of the act as quoted and his authority to maintain this suit is the question here to be answered.

Taft Drainage District was organized under Chapter 6458, Acts of 1913, which made no provision for the appointment of a receiver but such power was conferred by Chapter 9129, Acts of 1923. Appellants contend that since their bonds were issued prior to the effective date of the latter Act, the appointment of the receiver as to them was without effect. They rely on Pusey and Jones Co. v. Hanssen, 261 U. S. 491, 43 Sup. Ct. 454, 67 L. Ed. 763, and Guardian Savings and Trust Company v. Road Improvement District, 267 U. S. 1, 45 Sup. Ct. 201, 69 L. Ed. 487, to support this contention.

Appellee contends on the other hand that the United States District Court had power to appoint the receiver pursuant to Chapter 6458 or pursuant to said Act as amended by Chapter 9129, Acts of 1923. He further contends that the decree appointing the receiver cannot be collaterally attacked as attempted in this case.

Appellants apparently admit that the attack is collateral since it is made in a suit other than the one wherein the appointment of the receiver was made but they avoid this by the contention that the

Federal Court was wholly without power to make it and being so, it was void in its inception.

We do not think the latter contention is well taken. The courts of this country have generally held that the decrees of United States District Courts are equal in dignity to those of State courts of general jurisdiction and that such decrees are immune from collateral attack if the court had jurisdiction to enter them. They are also accorded that status by Section 4391 (1) Compiled General Laws of 1927, 1940 Supplement. Nothing said in this opinion offends the doctrine announced in the cases relied on by appellants.

Appellants further contend that Chapter 9129, Acts of 1923 was without effect as to the enlargement of the jurisdiction of Federal Courts. Chapter 9129 in no way affected the substantive provisions of Chapter 6458; it merely enlarged remedies provided by the latter act and made no attempt at revision. The power to appoint a receiver is one that may be given or withdrawn at any time. Such a receiver was appointed in Duval Cattle Co. v. Hemphill, 41 Fed. (2nd) 433, and was repeatedly recognized. The appointment and authority of the receiver in this case might be held to be concluded by the latter case.

Finding no legal or other objection to the appointment or the authority exercised by the receiver, the judgment appealed from is affirmed.

Affirmed.

BROWN, C. J., BUFORD and CHAPMAN, JJ., concur.