Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 I. It wrU'be observed on a comparison of the act of 1839/' with the subsequent one of 1863 that they are very different from each other in their general purpose, scope, and intent. ■ The first provides'only for the removal and trial of a suit in . which the judges are disqualified to try the particular cause on account of interest, or having , been counsel or connected with either party. The second act is more general, and in the events named the judge is to be invited to hold the court • for a givpn session or term, to be named. It is true that the reasons assigned in thé section for calling on the judge embrace two of those assigned in the act ,of 1839 for the removal to an adjacent court, namely.: interest, and having been counsel; but this enumeration is not of much importance in the interpretation of the act, for after the enumera-' tion it is added, or “ from any other cause;” so that the judge would be authorized for a cause not enumerated to call in the judge to hold a session for any time specified, and during which he wquld no doubt be fully competent' to, try any cause comipg even within the enumeration. The frame of the section, we think,- shows that the main purpose of the provision was to procure a judge,to hold a session or term of the court, and not to try a particular cause which the resident judge' was incompetent to try. But the more' ,decisive difference between the two acts is that the power conferred by the latter is permissive and discretionary, whereas the former is express and mandatory. The action of the judge in the latter act depends upon the.question whether or not he
 
 deems ■it advisable that the circuit judge of another circuit shall be called in;
 
 inthe former.it is
 
 made the duty of the judge, on the appli
 
 
 *180
 

 cation of either party, to cause the fact to be entered in the records of the court, and to make the order of removal.
 
 In the latter act it is also discretionary with-the judge requested to hold this circuit. The condition of his own circuit may render it inexpedient, or his refusal unavoidable; in the former it is the duty of the circuit to which the cause is removed to take cognizance of the same and try it as if originally brought in that court. "We are of opinion therefore that there'is no nfecessary repugnancy between the two acts, and although ■ in some particulars the two provisions have reference to the same subject, and for the purpose of remedying a common ' inconvenience, there are no negative words in the latter act, and to this extent the remedy may be'well regarded as simply cumulative.
 

 II. The next question is as to the appointment of the mar-' shal as a-commissioner to levy the tax in satisfaction of the judgment.
 

 This depends upon a provision of the code of the State of Iowa. The provision is found in a chapter regulating proceedings in the writ of mandamus; and the power is given to the court to appoint a person to discharge the duty enjoined by the peremptory writ which the defendant had refused to perform, and for which 'refusal he was liable to an attachment, fine, and imprisonment. It is given by way of an alternative proceeding in execution of the peremptory writ in lieu(of the attachment, and is express and unqualified. The duty of levying the tax upon the taxable property of the county to pay the principal and interest of thfese bonds was specially enjoined upon the board of supervisors by the act of the legislature that authorized their issue, and the appointment of -the marshal ás a commissioner in pursuance of the above section is to provide for the performance of this duty where the board has disobeyed or evaded the law of the State, and the peremptory mandate of the court.
 

 This section is but a modification of the law of England , and of the New England States, which provide for the execution of a judgment recovered against a county, city, or town,
 
 *181
 
 againgt the private property, of 'any individual, inhabitant, giving him the right, to cláim contribution from the rest .of the people'.
 

 It is said that this practice prescribed for the State courts of Iowa has not been, adopted by the United States circuit for that district, and-hence that it is not-competent for the court in the present instance to follow this, mode of proceed-*ing. But the answer is that the court having charge of the. cause under the act of 1889, is fully.competent 'to adopt-.it in the particular case, as its power is the samé ovér it as if it had been , a suit originally -brought in the, court.
 

 JüDGMEÑT AEiTRMEP.
 

 Mr. Justice MILLER did not sit in this case.