INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* SEARCY COUNTY.

Opinion delivered November 4, 1918.

COUNTIES—CONTRACTS—LIABILITY.—Although the county court can not lawfully make a contract for the purchase of road machinery until an appropriation has been made for that purpose, yet where an appropriation for such purpose was made after the purchase and the machinery was delivered to the county and kept by it, it can not defeat a recovery for the purchase money thereof.

Appeal from Searcy Circuit Court; *Jno. I. Worthington*, Judge; reversed.

## STATEMENT OF FACTS.

This action was begun in the county court by the International Harvester Company of America to recover a claim of $1,514.60 for road machinery alleged to have been sold by it to Searcy County. The county court rejected the claim, and an appeal was taken to the circuit court. There the cause was tried anew upon the following facts:

In October, 1915, the levying court of Searcy County considered the purchase of road machinery, and by resolution authorized the county court to purchase the machinery and agreed to make the necessary appropriation at the next term of the levying court to pay for it. Pursuant to the direction, the county court entered into a written contract with the International Harvester Company of America for the purchase of the road machinery, and executed three notes for the purchase money in the sum of $757.30 each. The agent of the International Harvester Company was told by the county judge that the county had no authority to purchase the road machinery unless the levying court would subsequently make an appropriation therefor. At the July term, 1916, an allowance was made for the amount then due, $757.30. At the October term, 1916, the levying court made an appropriation of $1,500 for the specific purpose of paying for this road machinery. A claim for the balance due for the purchase price of the road machinery was presented to the county court at the July, 1917, term, and, a new county judge having been inducted into office, the court disallowed the claim. The circuit court also disallowed the claim and an appeal was duly prosecuted to this court.

*S. W. Woods,* for appellant.

1. The quorum court authorized or attempted to authorize the county court and road commissioner to purchase the machinery and agreed to make the appropriation. The county received the machinery, used it and still has it. By making the appropriation the court ratified the purchase. The county is bound. Kirby's Digest,

§ 1502; 54 Ark. 645; 127 *Id.* 470; 72 *Id.* 330; 87 *Id.* 389. The county needed the machinery and used it, and it was beneficial. The court and appellant acted in good faith and tried to comply with the law. The county court ratified all the acts, and the county is bound.

*Bratton & Bratton,* for appellee; *J. F. Koone,* prosecuting attorney.

1.   The law was completely ignored. No appropriation was made by the levying court and the county court had no authority to contract for the purchase. Kirby's Digest, § 1502.

2.   The transaction was illegal and void, and could not be ratified or validated. 61 Ark. 78; 85 *Id.* 611; 122 *Id.* 116; 34 *Id.* 356; 36 *Id.* 646; 127 *Id.* 470; 122 *Id.* 557; 61 *Id.* 74; 58 *Id.* 270; 54 *Id.* 645; 63 *Id.* 397; 103 *Id.* 468.

HART, J., (after stating the facts). The claim was disallowed because no appropriation had been made for buying road machinery by the levying court and that for this reason the county court had no authority to make a contract for its purchase. The ruling is sought to be upheld under section 1502 of Kirby's Digest, which reads as follows:

"No county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended."

It has been held that under this section the county court has no power to let a contract to construct a bridge without some appropriation has been made for building bridges by the levying court. *Greenberg Iron Co.* v. *Dixon,* 127 Ark. 470, and *Fones Hardware Co.* v. *Erb,* 54 Ark. 645. If that was all there was in the present case, the judgment disallowing the claim would be right, because the contract for the purchase of the machinery was made by the county judge before an appropriation therefor was made by the levying court. After the appropriation for the road machinery was made the county retained the machinery and continued to use it. The county could

not keep the machinery and use it for the benefit of the public and still defeat the claim for its purchase price. The county court could have purchased the road machinery after an appropriation was made therefor by the levying court in October, 1916. The machinery was then in the possession of the county. If the county judge did not wish to keep the machinery, he should not have continued to use it and should have notified the International Harvester Company that it was there subject to its orders. The county could not retain the property which it might then legally purchase, continue to use it and defeat a recovery for the price thereof. This follows from the principles decided in *Howard County* v. *Lambright,* 72 Ark. 330, and *Forrest City* v. *Orgill,* 87 Ark. 389. In the latter case the city of Forrest City purchased machinery for water works, and the contract was void because not executed as required by section 5473 of Kirby's Digest. The city, however, kept the machinery and continued to use it. The court held that, inasmuch as the contract was one within the power of the municipality to make, although it was made without authority, it could not retain the machinery, use it and at the same time defeat a lien for the price thereof.

It follows that the court erred in refusing to allow the claim of the International Harvester Company of America, and for that error the judgment must be reversed and the cause remanded for further proceedings according to law.