BRANCH v. CITY OF SOUR LAKE
et al.

(District Court, E. D. Texas, Beaumont Division. September 15, 1924.)

No. 783.

1. **Constitutional law** &#8594;121(2)—**State, by dissolution of defacto municipal corporation, cannot impair its obligations.**

State cannot, by dissolution on its own initiative of de facto municipal corporation, impair obligations of municipality on warrants previously issued.

2. **Courts** &#8594;307(1)—**Suit against dissolved municipal corporation and former officers thereof held within federal jurisdiction, on ground of diversified citizenship.**

A dissolved de facto municipal corporation, authorized to be proceeded against by suit

against certain officers who formerly represented it, is a "person," as affects jurisdiction of federal court on ground of diversity of citizenship, and suit against such a dissolved corporation and its former officers on warrants previously issued *held* in any event within federal jurisdiction, in view of residence of individual defendants.

**3. Estoppel ⬅️62(4)—Dissolved corporation held estopped to deny liability on warrants previously issued.**

Dissolved corporation, in suit under Acts 38th Leg. Tex. (1923), c. 142, on warrants issued before dissolution by persons duly authorized and without fraud, *held* estopped to deny liability thereon.

**4. Constitutional law ⬅️190—Municipal corporations ⬅️51—Statute providing manner of enforcing obligation of dissolved de facto municipal corporation held not invalid as retroactive.**

Acts 38th. Leg. Tex. (1923) c. 142, providing manner of enforcing payment of indebtedness of dissolved de facto municipal corporation by suit against corporation and certain of its former officers, *held* to affect remedies only, not property rights, and not invalid, as retroactive.

Suit by Vernon H. Branch against City of Sour Lake and others. Judgment for plaintiff. On motion for rehearing, no written opinion having been filed on original hearing. Motion overruled.

Judgment affirmed 6 F.(2d) 355. Certiorari denied 269 U. S. ——, 46 S. Ct. 24, 70 L. Ed. ——.

This suit was brought by the plaintiff as the holder of certain warrants issued by the city of Sour Lake, a municipal corporation chartered under the general laws of this state. Subsequent to the incorporation, for reasons set forth in the opinion of the Ninth Court of Civil Appeals (State v. Masterson, 228 S. W. 623), the incorporation proceedings were declared invalid. It was held in effect that the municipality had never been legally incorporated at all. Thereafter, in March, 1923, the Legislature enacted the following statute:

"Art. 1064. When any town or city shall reincorporate, under chapters one or fourteen of this title, all property, real and personal, of the old or de facto corporation shall be vested in the new one; and the new corporation shall assume all the legal indebtedness, contracts and obligations of the old corporation; and, where cities and towns have reincorporated under chapters one or fourteen of title eighteen of the Revised Civil Statutes of 1911, all property, real or personal, of the old or de facto corporation, shall be vested in the new corporation; and the new corporation shall assume all the legal indebtedness,

contracts, and obligations of the old corporation: Provided, that when any corporation is abolished, or if any de facto corporation shall have heretofore been' or hereafter be declared void by any court of competent jurisdiction, or if the same shall cease to operate and exercise the functions of such corporation or de facto corporation, when such corporation or de facto corporation has indebtedness outstanding, then the officers of such corporation, in office at the time of such dissolution or at the time such corporation ceases to operate and exercise the functions of such corporation, shall take charge of the property of the corporation and sell and dispose of same, and shall settle the debts due by the corporation, and for said purpose shall have power to levy and collect a tax from the inhabitants of said city, town or village in the same manner as the said corporation; and provided further, that in the event of their failure or refusal to do so, and upon petition of any number of the citizen taxpayers of such corporation or of the holders of the evidences of indebtedness of such corporation or de facto' corporation, to the proper court within this state having jurisdiction in the county in which such dissolved or de facto corporation shall have been situated, the judge of said court shall appoint three trustees to take charge of such property and to dispose of same and settle the debts of such corporation or de facto corporation and for said purpose the said trustees so appointed shall be vested with all the powers herein given to the officers of such corporation.

"Art. 1064a. The holder of any indebtedness against any municipal corporation which may have been or may hereafter be dissolved in any of the ways above provided, including dissolution of a de facto corporation by a court of competent jurisdiction, may maintain a suit in the proper court within this state having jurisdiction in the county in which such dissolved or de facto corporation shall have been situated, to establish said indebtedness against said municipal corporation and service may be had on such dissolved corporation by serving the citation upon any of the persons who were the mayor, secretary or treasurer of said corporation or pretended to act as such, at the time of its dissolution, and judgment may be rendered in such suit in favor of the holder of such indebtedness against such municipal corporation as fully as if it had not been dissolved or its organization declared void. The status of such city, town or village shall be and remain the same, insofar as it affects the

holders of its indebtedness, until such indebtedness has been paid."

Acts 38th Leg. p. 309.

It was alleged by way of defense in this suit, which was brought against the defunct municipality and its former officers, under the authority of the statute quoted above, for a recovery on these warrants, first, that the corporation, having been declared invalid by the courts, was not such a citizen of this state as would sustain jurisdiction in a suit brought against it by a nonresident; second, that the warrants themselves were invalid, for various irregularities in connection with the issuance of them, and also in connection with the use made of the funds after the proceeds from the sale of them had been realized; and, third, that the statute in question could not be applied to this case, because in such event a retroactive effect in violation of the Constitution would be given to it.

After a trial of the case, judgment was rendered in favor of the plaintiff, and a motion for rehearing was thereafter presented and urged.

Chester I. Long, of Wichita, Kan., and W. M. Harris, of Dallas, Tex., for plaintiff.

J. Llewllyn, of Liberty, Tex., and J. M. Combs, of Kountze, Tex., for defendants.

ESTES, District Judge (after stating the facts as above). I am of the opinion that the original judgment rendered herein is correct, and that the motion for a rehearing should be overruled. Out of deference to the zeal and ability with which counsel have urged the motion, I shall briefly outline my reasons for overruling it:

### On the Question of Jurisdiction.

The suit is brought by a citizen of Kansas against the city of Sour Lake, alleged to be a municipal corporation created under the laws of this state, and against various individuals as defendants. These individuals are designated as the mayor and aldermen of the city and are all citizens of Texas. The petition discloses that the attempt to incorporate the city has been held to be ineffectual; but it shows that, at the time the instruments sued on herein were executed, the city was, and in so far as its status is fixed by legislation enacted since its dissolution still is, a de facto corporation.

[1] The fact that the attempt to incorporate was ineffectual would not constitute a defense in a suit based on obligations incurred by the municipality prior to its dissolution. The state, having permitted the incorporation and having thus established the status of the city as a de facto concern, could not, by a dissolution brought about through its own initiative, impair obligations that were created during the time it was permitted to be a going concern. Shapleigh v. City of San Angelo, 167 U. S. 646, 17 S. Ct. 957, 42 L. Ed. 310.

There is, then, in the event of a default in payment, a cause of action or right existing in the holder of warrants issued under such conditions. "When the bonds in question were issued and became the property of the plaintiff, he was entitled, not merely to the contract of payment expressed in the bonds, but to the remedies implied by existing law."

[2] The procedure which the plaintiff invokes is based on legislation that sets up a corporation, dissolved as this one was, as a de facto institution for purposes of suit. I think the Supreme Court, in the case of Tulare Irrigation Co. v. Shepard, 185 U. S. 1, 22 S. Ct. 531, 46 L. Ed. 773, has settled the proposition that such a corporation comes within the category of a citizen of this state, within the meaning of the statute outlining the jurisdiction of this court. To the same effect is the more recent case of Scott County v. Thresher Co. (C. C. A.) 288 F. 739, 36 A. L. R. 937. If there is no corporation to sue, then the residence of the individual defendants, who were parties to the suit as representatives, would establish jurisdiction. 1 Foster, Federal Practice, p. 152.

### On the Question of Estoppel.

[3] I am by no means sure, under the evidence here, that the defenses respecting the validity of the warrants are good. International Harvester Co. v. Searcy County, 136 Ark. 209, 206 S. W. 312; Hitchcock v. Galveston, 96 U. S. 350, 24 L. Ed. 659; City of Tyler v. Jester, 97 Tex. 360, 78 S. W. 1058. But, regardless of that, if there were in fact irregularities, they are such that the plaintiff can, I think, successfully plead that the defendants are estopped to urge. The warrants were issued for the purpose of offering them for sale to the public, and with knowledge that they would be transferred from time to time. They were issued by a council clothed with authority to issue such instruments. Before they were sold to any one, the requisite tax to liquidate them was provided, and the record attesting their validity was made. There was no fraud or conspiracy, as in the Slayton Case (D. C.) 283 F. 330, or lack of authority, as in the Watson Case, 97 F. 450, 38 C. C. A. 264. The proceeds from the sale of the warrants were received by the munic-

ipality and applied to public use, and the plaintiff; the present owner of the warrants, bought them in good faith after reasonable investigation.

These facts, it seems to me, estop the defendants from pleading the irregularities connected with the transaction. The authorities on this point are collated, and the principles that are applied in the decisions are set forth, in the case of Scott County v. Thresher Co., cited above.

On the Constitutionality of the Statute of 1923.

[4] I do not think that the act in question creates or affects property rights. It is a general statute, and purports to be and is merely a method of enforcing existing and future obligations of the character it mentions. Without the statute, this court perhaps would not have the authority to designate the aldermen or other parties to levy the taxes and enforce the collection of the judgment rendered herein. Thompson v. Allen, 115 U. S. 550, 6 S. Ct. 140, 29 L. Ed. 472. By its enactment, however, the Legislature has set up machinery by which obligations of this character may be enforced. Supervisors of Lee County v. Rogers, 7 Wall. 175, 19 L. Ed. 162; Campbellsville Lumber Co. v. Hubbert, 112 F. 718, 50 C. C. A. 435. The statute reflects the will of the state respecting such situations, just as the reincorporation of a city reflects the will of the state for the new concern to assume the obligations of the defunct one. Shapleigh v. San Angelo, supra.

It is ordered that the motion for a rehearing be and the same hereby is overruled.