[No. 25112. Department One. August 1, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Harriet J. Spinney, Respondent,* v. THEO. HOSS *et al., Appellants.*[1]

*J. M. Ponder* and *Hull & Murray,* for appellants.
*E. N. Steele,* for respondent.

MILLARD, J.—Relator filed her petition in the superior court for Lewis county for a writ of mandate requiring the commissioners and auditor, respectively, of that county to approve her claim for services (hospital treatment for tubercular indigents) rendered to the county, and to issue a warrant in payment therefor. By their return and answer, the defendants admitted all the material allegations of the relator, who thereupon moved for judgment upon the pleadings. The motion was granted, and judgment was entered

[1]Reported in 35 P. (2d) 10.

directing the issuance of a writ of mandate requiring the defendants to accord to the petitioner the relief for which she prayed. Defendants appealed.

The facts—the pleadings present no issue of material fact—are summarized as follows:

Respondent's sanatorium in Pierce county is devoted to the treatment of patients afflicted with tuberculosis. Pursuant to contract with appellant county commissioners, respondent cared for and treated, during October, November and December, 1933, certain named indigent tubercular residents of Lewis county. At the end of each month, the respondent presented to the board of county commissioners of Lewis county a verified claim in the amount agreed to be paid for the care and treatment of such indigent tubercular patients. The claims were not approved, it appearing that, on or about October 1, 1933, the budgeted appropriation for the care and relief of indigents of the county had become exhausted, and no funds were available for such relief and none could be made available except by the declaration of the existence of an emergency.

On January 19, 1934, the board of commissioners, by unanimous vote of its members, passed a resolution declaring a public emergency, which could not have reasonably been foreseen by the board, necessitating an appropriation to provide for care of indigents of the county and to pay the claims of the respondent. Public hearing by the board upon the resolution, which recited that, through mistake and inadvertence, the board failed to pass an emergency appropriation to provide for payment of such relief as that for which respondent filed her claims, resulted in a resolution and order by the unanimous vote of the members of the board that an appropriation be made to provide for the payment of the emergency relief expenditures

made in the latter part of 1933, for which no appropriations had theretofore been made, and that payment be made by the issuance of emergency warrants. Despite the foregoing resolution and order, the appellants refused to approve respondent's claims and to issue warrants in payment thereof. This action in mandamus followed.

In their adoption of the 1933 budget, the commissioners for Lewis county did not anticipate that an amount exceeding that fixed in the budget would be required in the course of the year for indigent relief. It is a mandatory duty of the county to care for the indigent.

"Rem. Rev. Stat., § 9984, makes it mandatory upon the county to care for the indigent. It has been recently held by this court that this is a governmental function, and, in the execution of it, the county may exceed the constitutional debt limit. *Rummens v. Evans,* 168 Wash. 527, 13 P. (2d) 26." *Kruesel v. Collin,* 171 Wash. 200, 17 P. (2d) 854.

Neither by statute nor by constitutional provision is the power of a county so limited to a certain mode of contracting for the care of indigents, and any other manner of entering into such a contract forbidden, as to relieve a county from the implied liability arising against it for benefits received under a contract entered into in violation of those statutory or constitutional provisions. The county commissioners could expend for indigent relief, as in the case at bar, more than the amount budgeted therefor if, prior to making the expenditures necessary to meet such an emergency, the county commissioners convened as a board and passed a resolution stating the facts constituting the emergency. Rem. Rev. Stat., § 3997-6.

Patently, it being a positive governmental function and duty of the county to care for the indigent (*Rum-*

*mens v. Evans,* 168 Wash. 527, 13 P. (2d) 26), the county can not, by reason of the county commissioners' failure to pass an emergency resolution until after the respondent's performance (pursuant to her contract with the county commissioners) for the county of the services of caring for indigent tuberculars, escape liability for payment for the services rendered.

█ The delay in passing the resolution of emergency constituted an irregularity in procedure which was cured by the subsequent action of the board of county commissioners.

"Where a board of commissioners has authority to do certain acts in the first instance, it has authority to ratify and to confirm the unauthorized acts of a committee of its members in regard to such matters. Except in some jurisdictions, if the county board has authority to order expenditures or the performance of services in behalf of the county, it may cure informalities or irregularities in the procedure for ordering the making of such expenditures or the performance of such services, by a subsequent ratification of the acts done in pursuance of the order and in recognition of its liability therefor." 15 C. J. 465, § 117.

See, also, 7 R. C. L. 946, § 22; *International Harvester Co. v. Searcy County,* 136 Ark. 209, 206 S. W. 312.

The judgment is affirmed.

MITCHELL, BLAKE, STEINERT, and MAIN, JJ., concur.