## CITY OF WEST UNIVERSITY PLACE v. CITY OF BELLAIRE et al.

### No. 11832.

Court of Civil Appeals of Texas. Galveston.

Dec. 5, 1946.

Rehearing Denied Jan. 9, 1947.

Stokes & Stewart, of Houston, for appellant.

Paul Strong and James V. Allred, both of Houston, for appellee City of Bellaire.

A. C. Winborn, Crim. Dist. Atty., Robert R. Casey, Asst. Crim. Dist. Atty., Lewis & Knipp, Richard R. Lewis and Ernest A. Knipp, all of Houston, for appellee City of Southside Place.

CODY, Justice.

This suit is a recrudescence of the litigation formerly before the courts in City of Houston v. State, Tex.Civ.App., 171 S.W.2d 203; Id., 142 Tex. 190, 176 S.W.2d 928.

In the former litigation, West University Place unsuccessfully attacked the validity of certain ordinances passed by the City of Houston, annexing certain territory to Houston. The sketch used in the former litigation is shown at page 205 of 171 S.W. 2d. From that sketch it appears that West University Place had, as it now has, a common boundary line, in part, with Bellaire and Southside Place. The basis of the attack by West University Place upon the Houston ordinances was that the territory so annexed by them, when considered in conjunction with the territory under the municipal jurisdiction of Bellaire and Southside Place, exhausted all the territory adjacent to West University Place. And it was the position of West University Place, upon which they attacked the validity of the Houston ordinances, that the legislative power of West University Place to annex adjacent territory could not thus be destroyed. The position so urged upon the courts, that the effect of sustaining said Houston ordinances would deprive West University Place of the power of annexing new territory, was by all the courts adopted, and upon the basis thereof judgment was rendered. The judgment so rendered by this court was to declare the Houston ordinances invalid, which was reversed on writ of error by the Supreme Court.

Bellaire and Southside were not parties to the former litigation.

On December 31, 1945, West University Place passed a series of eight ordinances, which purported to annex territory by progressive steps. The plan of annexation was for West University Place first to expropriate the territory within the municipal jurisdiction of Bellaire and Southside Place, and annex same. Then, with the corporation limits of West University Place being extended to coincide with the limits of Bellaire and Southside, to annex territory adjacent thereto, etc.—West University Place was at all times material a home rule city; and Bellaire and Southside Place were at all material times cities of less than 5000 inhabitants, operating under Sect. 4, Art. XI, of the State Constitution, Vernon's Ann.Civ.St.

Promptly after the passage of the series of eight ordinances, Bellaire and Southside brought this suit to have the ordinances declared void, and for an injunction against their enforcement. Hon. A. C. Winborn, Criminal District Attorney of Harris County, on his own motion and upon the relation of Glenn H. McCarthy et al., intervened in quo warranto. The court, trying the case without a jury, rendered judgment declaring the ordinances void, and permanently enjoined their enforcement. The court also held a portion of West University Place's charter was void.

West University Place predicates its appeal upon two points, urging:

(1) The court erred in finding that, "Insofar as the ordinances of the defendant, City of West University Place, under attack attempt to abolish the corporate existence of the Cities of Bellaire and Southside Place, or to annex them to West University Place, such ordinances are void."

(2) The court erred in finding that, "So much of the Charter of said city of West University Place as undertakes to authorize the said City of West University Place to abolish the cities of Southside Place and Bellaire is also void."

The home rule charter of West University Place, Art. 2, Sect. 3, reads, in part: "The City may annex any territory adjacent thereto which contains within its limits—cities or towns of less than 5000 inhabitants and operating under the general law, —by ordinance * * * Immediately upon the passage of such ordinance the corporate existence of said—cities and towns so annexed shall legally terminate—."

### Opinion

As appears from the foregoing statement, Bellaire and Southside Place are cities or towns "of less than 5000 inhabitants and operating under general law." And the territory within the corporate limits of Bellaire and Southside Place lies adjacent to West University Place. But said territory was not the only territory lying adjacent to West University Place,—it was completely surrounded by territory lying adjacent thereto. But all the territory, adjacent to and surrounding West University Place, which was not within the corporate limits of Bellaire and Southside Place, was within the corporate limits of Houston.

The power of a home rule city to annex territory flows from Art. 1175, Sect. 2, (enabling act), which reads: "The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter." Since there was no territory lying adjacent to West University Place that was not served by a city government, the framers of its charter appear to have conceived the idea that they could attach to their annexation power, as a mere incident thereof, the power to dissolve the city governments serving the adjacent territory which was desired to be annexed.

The powers of local self-government possessed by citizens of towns and cities of 5000 inhabitants or less are not so ample as those held by home rule cities. However, such powers of local self-government as are possessed by towns and cities of 5000 inhabitants or less are held by the same title, as home rule cities hold theirs: namely by the State Constitution and general law. Sec. 4, Art. XI of the State Constitution reads: "Cities and towns having a population of five thousand or less may be chartered alone by general law. They may levy, assess and collect * * *." Since the title by which Bellaire and Southside Place hold their municipal jurisdiction over the territory within their corporate limits is the Constitution and general laws of this State, no part of their territory or jurisdiction is subject to expropriation by West University Place. And the trial court correctly held that the ordinances attempting to annex territory within the corporate limits of Bellaire and Southside Place were void. West University Place makes no contention that, if said ordinances were void, the other ordinances of annexation passed by it on December 31, 1945, were valid. Appellant West University's aforesaid points are overruled.

Judgment affirmed.