The CITY OF GLADEWATER, Appellant,

v.

L. W. PELPHREY et al., Appellees.

No. 7014.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 31, 1957.

Rehearing Denied Jan. 28, 1958.

Charles F. Wellborn, Gladewater, Fred Erisman, Wm. Hurwitz, Longview, for appellant.

L. F. Burke, Longview, J. P. Gibson, Robert W. Spence, Gibson, Spence & Gibson, Austin, for appellees.

CHADICK, Chief Justice.

This is a suit for declaratory judgment. It was dismissed on motion of the appellees and the judgment of the trial court is affirmed.

The City of Gladewater, Texas, as plaintiff filed this action naming as defendants L. W. Pelphrey and Dale Gooding, individually and as class representatives of a class and group of persons who petitioned the County Judge of Gregg County to hold an incorporation election for an area in Gregg County to be known as Clarksville City, Texas, the town of Clarksville City itself, the County Judge and the State of Texas. The suit was brought under Article 2524-1, Vernon's Ann.Tex.Civil Statutes, for a declaratory judgment adjudicating the rights, status and legal relationship between the plaintiffs and defendants.

The original petition alleged that in accordance with its municipal powers and prerogatives, at a regular session, the Gladewater City Council passed on first reading, October 16, 1956, an ordinance annexing certain territory adjacent to Gladewater and that such ordinance was amended on October 25, 1956, and as amended, passed first reading incorporating a part of the territory which is thereinafter alleged to be within the purported corporate limits of Clarksville City. The petition goes on to allege that prior to the passage of the ordinance mentioned on August 29, 1956, the defendants Pelphrey and Gooding filed a petition with the County Judge seeking an election to incorporate for municipal purposes an area of land, including a portion of that described in the ordinance. It alleges this election was ordered held and the result thereof canvassed and declared by the County Judge to favor incorporation. As further allegations, the petition says that the action of petitioning, holding and declaring result of such incorporation election was in contravention of law in two respects. The pleading was more elaborate but the substance was, first, that the proposed and adopted boundaries of Clarksville City were gerrymandered wilfully and deliberately to exclude from their confines a large per cent of the inhabitants of the village of Clarksville as it existed at the time the petition was filed. And, second, that the incorporated area is largely rural farm land and swamps and in uninhabited and unsuited for development as a city. Referring to both of these grounds, the petition alleges that the purported incorporation is illegal, null and void.

The defendants, except the County Judge and the State of Texas countered by filing a motion to dismiss the plaintiff's petition. Nine grounds were set up for dismissal, among them being that the motion as pled was a collateral attack upon the validity of the incorporation of Clarksville City, and separately, that the City of Gladewater is without legal authority to bring the suit because the corporate existence of Clarksville City can only be attacked by the State of Texas or some individual inhabitant of Clarksville City under the authority of the State of Texas. Special exceptions embracing the identical grounds stated in the motion to dismiss were made.

At commencement of the hearing on May 28, 1957, appellants moved the trial court to dismiss the action as to the County Judge and the State of Texas which motion was granted. The only evidence introduced at the hearing was a certified copy of the

order of incorporation of Clarksville City, Texas, and a map attached to that order. Thereafter on the same date the trial judge pronounced and rendered judgment sustaining the exceptions and motion to dismiss made by the defendants, appellees in this Court, and dismissed the plaintiff's, appellant in this court, cause of action.

From the instrument introduced in evidence as well as from the face of plaintiff's petition, it appears that the petition for an election to incorporate was filed August 29, 1956, that an election thereunder was held September 14, 1956, and that the order of the County Judge declaring Clarksville City legally and properly incorporated and setting out its boundaries was made October 8, 1956. Subsequent to such dates, the City of Gladewater passed on first reading its first ordinance on October 16, 1956, attempting to annex territory lying within the corporate limits of Clarksville City, and then on October 25, 1956, passed on first reading an amended ordinance to the same end. The law in this State is well settled that the municipal entity which first commences legal proceedings asserting municipal authority over a given territory thereby acquires jurisdiction over such territory which cannot be defeated by attempted exercise of similar jurisdiction by another municipality. City of El Paso v. State ex rel. Town of Ascarte, Tex.Civ.App., 209 S.W.2d 989, wr. dis.; City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928; City of West University Place v. City of Bellaire, Tex.Civ.App., 198 S.W.2d 766, no writ history.

It appears on the face of plaintiff's pleadings that Clarksville City secured prior jurisdiction over the territory involved in this suit. The City of Gladewater could obtain no jurisdiction unless the incorporation of Clarksville City is absolutely void, that is, unless in the incorporation procedure compliance with the incorporation law is utterly lacking or fatally defective. Grisham v. Tate, Tex.

Civ.App., 35 S.W.2d 264, wr. dis.; City of Galena Park v. City of Houston, Tex.Civ. App., 133 S.W.2d 162, wr. ref.; Couch v. City of Ft. Worth, Tex.Civ.App., 287 S.W. 2d 255, no writ history. In this latter respect the appellant neither asserts nor points to any such defect apparent on the face of the proceedings which would invalidate the incorporation proceedings. The petition for an election, the election itself and the order declaring the result are in evidence, and upon inspection appear to be regular.

Plaintiff's contention that the allegation of gerrymandering the boundaries and excluding from the proposed city a part of the inhabitants of the Village of Clarksville together with the allegation that the appropriated area is unsuited for development as a city is a showing on the face of the pleadings of such lack of compliance with the law as to render the incorporation absolutely void. This contention cannot be sustained by authority. It was held in City of Sour Lake v. Branch, 5 Cir., 6 F.2d 355; D.C., 9 F.2d 971, certiorari denied 269 U.S. 565, 46 S.Ct. 24, 70 L.Ed. 414, that including territory unsuitable or not intended to be used for town purposes within a city's limits renders the corporate existence of a city voidable only, not void from the beginning. It likewise has been held that the incorporation of agricultural or vacant land does not of itself render the incorporation void as a matter of law; see cases listed under Note 1, 30-A, Tex.Jur., p. 72. On the basis of this authority it may be said that the mere allegation in the plaintiff's petition of gerrymandering, etc., is insufficient to show the organization of Clarksville City was utterly without color of law and void.

In Rachford v. Port Neches, Tex.Civ. App., 46 S.W.2d 1057, wr. ref., it was held that only the state by a quo warranto proceeding may attack the incorporation of a city because the appropriated territory is unsuitable or not intended for town purposes; and a taxpayer may not do so in a

collateral proceeding. The absence of a defect rendering the incorporation proceedings absolutely void, an action testing the corporate existence of Clarksville City may be had only in a proceeding instituted by the State of Texas and in which the State is a party, or as it is usually called, a quo warranto proceeding. Under the pleading and the evidence here Clarksville City is unquestionably a municipal corporation organized under color of law. The Supreme Court in City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25, 26, said:

"The rule is well established that when the creation of a public corporation—municipal or quasi-municipal—is authorized by statute, and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. The validity of the incorporation can only be determined in a suit brought for that purpose in the name of the state, or by some individual under the authority of the state, who has a special interest which is affected by the existence of the corporation."

See also 30–A, Tex.Jur., p. 80, Sec. 77, and authorities there cited.

■ The appellant, plaintiff below, is not aided by reason of bringing its suit under the declaratory judgment act. That act does not change the rule requiring parties to have a justiciable interest in the subject of the suit. See Phillips v. City of Odessa, Tex.Civ.App., 287 S.W.2d 518, wr. ref., n. r. e. Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862, no wr. hist.; Town of Santa Rosa v. Johnson, Tex.Civ.App., 184 S.W.2d 340, no wr. hist.; Germany v. Pope, Tex.Civ.App., 222 S.W.2d 172, wr. ref., n. r. e.; Joseph v. City of Ranger, Tex.Civ. App., 188 S.W.2d 1013, wr. ref., w. o. m. These cases point out that in the absence of the State the judgment sought would not conclude the question in litigation or be binding upon parties interested but not represented in the suit. As the City of

Gladewater cast its case, it is necessary that the corporate authority of Clarksville City, as to the territory to be absorbed by Gladewater, be determined before Gladewater could obtain the judgment it seeks, declaring and adjudging the rights, status and legal relationship between the City of Gladewater and the appellees. The suit as instituted is not brought by the State of Texas on the relation of an interested party, and therefore cannot be maintained by the City of Gladewater. The trial court correctly dismissed the action. The judgment of the trial court sustained all grounds set out in the motion to dismiss and all special exceptions in broad language, however, any error in this respect is of no consequence because the motion to dismiss was in part grounded upon the absence of legal authority in the City of Gladewater to attack the corporate existence of Clarksville City. All of appellant's points have been considered and believing they do not show reversible error, they are respectfully overruled.

The judgment of the trial court is affirmed.