**Don HARRISON et al., Appellants,**

v.

**Arthur L. BUNNELL et al., Appellees.**

No. 11543.

Court of Civil Appeals of Texas.

Austin.

Nov. 8, 1967.

Maynard F. Robinson, San Antonio, Morgan, Gambill & Owen, Cecil A. Morgan, Fort Worth, for appellants.

Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., J. C. Davis and Pat Bailey, Asst. Attys. Gen., Austin, Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, Eugene Russell, Burnet, for appellees.

PHILLIPS, Chief Justice.

This is a suit for declaratory judgment under the provisions of Tex.Rev.Civ.Stat. Ann. art. 2524–1. The plaintiffs below, and the appellants here are Don Harrison, Wallace Robinson and Claude Blackburn, residents of Burnet County, Texas, and Lewis A. Foley, a resident of Harris County, Texas.

The defendants are Arthur L. Bunnell, Mayor of the Town of Granite Shoals, O. T. Caldwell and Guy C. Holder, Commissioners of the Town of Granite Shoals, Tom O'Donnell, County Judge of Burnet County, Texas and Crawford Martin, Attorney General of the State of Texas.

The appellants sought a determination that the action of the abovenamed County Judge in calling an election on May 9, 1966, for the incorporation of the Town of Granite Shoals, was arbitrary, capricious and void. That the abovenamed Mayor and Commissioners of the Town of Granite Shoals are not its officials, and that the incorporation of the Town of Granite Shoals as a municipality, pursuant to the election held on May 9, 1966, is void.

The trial court sustained special exceptions directed toward appellants' pleadings, namely, the jurisdiction of the court, that the Uniform Declaratory Judgment Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 was not the proper proceeding with which to bring this lawsuit, and that the suit against the Attorney General was a suit against the State of Texas without the necessary permission having first been obtained. Since appellants declined to amend, the court dismissed the suit.

We affirm the judgment of the trial court.

Appellants are before this Court with three points of error, briefed together, namely, the error of the court in sustaining pleas to its jurisdiction, in sustaining the pleas in abatement that the Uniform Declaratory Judgment Act was an improper action in suit, that the lawsuit was a suit against the State of Texas of a nature that consent of the State was a necessary condition precedent to legal action sought.

We overrule these points.

■ This is not a quo warranto proceeding, since the suit was not brought in the name of the State of Texas by either the Attorney General or other officials author-

ized to bring such suit. This is a collateral attack against the action of the abovenamed officials in ordering the election in question. Phillips v. City of Odessa, 287 S.W.2d 518 (Tex.Civ.App., El Paso 1956, writ ref'd n. r. e.), City of Gladewater v. Pelphrey, 309 S.W.2d 472 (Tex.Civ.App., Texarkana 1957, writ ref'd n. r. e.).

 Consequently, this case is controlled by the opinion of the Supreme Court in School Board of City of Marshall v. State of Texas, 162 Tex. 9, 343 S.W.2d 247, (1961), wherein the Court stated:

"It is settled that where the Legislature expressly or impliedly authorizes some officer or board to determine a question of fact prior to the ordering of an election for the creation of a political entity or for changing the boundaries of one already in existence without providing for a review of such preliminary finding, the administrative determination of that question is intended to be final. The finding when made is not subject to collateral attack and can be set aside in a direct proceeding only on the ground of fraud or bad faith." (Citing cases)

Thus, the suit at bar was not properly brought even though the action of certain defendants was alleged to be arbitrary, capricious and unreasonable in ascertaining that the Town of Granite Shoals had 200 or more inhabitants as is required by Tex.Rev.Civ.Stat.Ann. art. 1133.[1]

The rationale for this holding is that the exercise of governmental authority over the system established for the administration of public affairs throughout the State is a legislative matter.

The suit against the Attorney General was brought against him in his official capacity as Attorney General, apparently to seek a declaration by the trial court that his conduct in failing to commence a quo warranto proceeding was arbitrary, capricious and unreasonable. We hold that this action against the Attorney General is a suit against the State of Texas inasmuch as it was, apparently, an attempt to control his actions while he was acting within the scope of authority lawfully conferred upon him. Short v. W. T. Carter & Brothers, 133 Tex. 202, 126 S.W.2d 953 (1938); W. D. Haden Company v. Dodgen, 158 Tex. 74, 308 S.W.2d 838 (1958).

The judgment of the trial court is affirmed.

Affirmed.

---

1. "Art. 1133. [1033] [579] [506] May be incorporated
   When a town or village contains more than two hundred (200) and less than ten thousand (10,000) inhabitants, it may be incorporated as a town or village in the manner prescribed in Chapter 11, Title 28, of the Revised Civil Statutes of Texas, 1925, and all amendments thereto. Acts 1881, p. 63; G.L. vol. 9, p. 155; Acts 1897, p. 193; G.L. vol. 10, p. 1247; Acts 1915, p. 130; Acts 1941, 47th Leg., p. 68, ch. 55."