TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00570-CV







John King, Appellant




v.




Texas Department of Human Services by and through its


Commissioner, Eric Bost, Appellee









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 97-0352, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING









 After losing a promotion to another job candidate, appellant, John King, sued his employer, the Texas Department of Human Services (the Department),
claiming racial discrimination--in violation of both constitutional and statutory provisions--and denial of a statutory veteran's hiring preference. See Tex. Const.
art. 1, § 3a; Tex. Civ. Prac. & Rem. Code Ann. §§ 106.001-.002 (West 1997 & Supp. 2000); Tex. Gov't Code Ann. §§ 657.001-.006 (West 1994). In an
amended petition, King's constitutional racial discrimination claim was replaced by a second statutory discrimination claim, which was dismissed on a plea to
the jurisdiction for lack of subject matter jurisdiction; his veteran's preference claim was eliminated on a no-evidence summary judgment granted in favor of the
Department; and his first statutory racial discrimination claim was severed from the original action. King appeals both the dismissal and the summary
judgment. We will reverse the dismissal of the second statutory racial discrimination claim and remand that portion of the cause to the trial court. As to the
Veteran's Employment Preference claim, we will dismiss a portion of that claim for lack of jurisdiction and reverse the grant of summary judgment as to the
remainder of that claim.



FACTUAL AND PROCEDURAL BACKGROUND


 King, a Vietnam veteran of white and Native American ancestry, was hired by the Department in July 1994 as an Assistant General Counsel. In December
1995, the position of Supervising Attorney of the contracts section of the General Counsel's office became vacant. King applied for the position and was one of
two finalists. The position was ultimately given to the other finalist, Kenneth Owens, a former Department employee of African American ancestry.

 King's original petition asserted constitutional and statutory racial discrimination claims and a Veteran's Employment Preference claim. See Tex. Const. art. 1,
§ 3a (Equal Rights Amendment); Tex. Civ. Prac. & Rem. Code Ann. §§ 106.001-.002 (Discrimination Because of Race, Religion, Color, Sex, or National
Origin) (the "chapter 106 claim"); Tex. Gov't Code Ann. §§ 657.001-.006 (Veteran's Employment Preferences). The Department filed a plea to the jurisdiction
and special exceptions. In response, King filed an amended petition, dropping his constitutional racial discrimination claim and instead claiming relief under
the Texas Commission on Human Rights Act (TCHRA), Tex. Labor Code Ann. § 21.051 (West 1996) (Discrimination by Employer). He also reasserted his
chapter 106 claim and his Veteran's Employment Preference claim.

 The chapter 106 claim was severed from the action and is not before this Court. Regarding the other statutory discrimination claim, the trial court held that the
amended petition in which King first invoked his TCHRA cause of action was filed more than sixty days after King received notice of his right to file a civil
action from the Texas Human Rights Commission and, therefore, that he had failed to meet a jurisdictional filing deadline of the TCHRA. Accordingly, the trial
court dismissed that cause of action. See Labor Code § 21.254. As to the Veteran's Employment Preference claim, the trial court granted a no-evidence
summary judgment in favor of the Department. See Tex. R. Civ. P. 166(a)(i).



DISCUSSION


 King brings two issues on appeal, arguing first that the trial court wrongfully dismissed his TCHRA claim for lack of jurisdiction because his original petition,
which was timely filed, pleaded facts that support a cause of action under the TCHRA. Second, he argues that summary judgment was wrongfully granted on
his Veteran's Employment Preference claim because (1) governmental immunity does not apply to unlawful acts by employees of a state, and (2) there were
material fact issues precluding summary judgment.



TCHRA Claim

 In his first issue on appeal, King argues that the trial court erred in granting the Department's plea to the jurisdiction and dismissing his TCHRA claim. To
bring an action under the TCHRA, the complainant must first exhaust his administrative remedies. If the Commission fails to resolve the complaint, the
complainant must request in writing permission from the Commission to file a civil action. See Labor Code § 21.252. Once permission to sue has been
received, the complaining employee must file suit within sixty days. See id. § 21.254. King's original petition, which did not specifically mention the TCHRA,
was filed fifty-nine days after he received a right-to-sue letter from the Commission. The amended petition, which included specific reference to the Act, was
not filed until 291 days after receipt of the right-to-sue letter. The Department argues that King's original pleading did not constitute a complaint under TCHRA
because it did not expressly identify the TCHRA as the statutory basis for the suit.

 King counters that because his original petition was filed within the statutory time limit and alleged facts sufficient to support a claim under the TCHRA, the
jurisdictional prerequisites of the statute were met. King argues in the alternative that the amended complaint, which specifically mentions the TCHRA and
was based on the same factual circumstances as the original complaint, should "relate back" to the date the original complaint was filed to meet the statutory
deadline. We agree that the facts alleged in King's original petition were sufficient to state a claim under the TCHRA and therefore do not reach his alternative
argument.

 The doctrine of sovereign immunity bars suits against the state unless the state has expressly given its consent to be sued. See, e.g., Missouri Pac. R.R. Co. v.
Brownsville Navigation Dist., 453 S.W.2d 812, 814 (Tex. 1970). Such waiver may be expressed in a statute; in that case, courts have held the statutory
provisions mandatory and exclusive in order to confer subject matter jurisdiction on the court. See Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488
(Tex. 1991); Curbo v. State, 998 S.W.2d 337, 340-41 (Tex. App.--Austin 1999, no pet.). The TCHRA, which prohibits unlawful employment discrimination,
contains such a waiver by including state agencies in the Act's definition of "employer." See Labor Code § 21.002(8)(D) (West Supp. 2000).

 King relies on the recent Texas Supreme Court decision in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000), to assert that statutory prerequisites are
not jurisdictional but better understood as determining a party's right to relief. See id. at 76-77. (1) The Department argues that Dubai must be narrowly
construed to apply only to private litigants and not where the statutory cause of action is the basis for a waiver of sovereign immunity. Therefore, the
Department argues, TCHRA time limitations are mandatory and jurisdictional, and by waiting until well after the sixty-day time limit to invoke the TCHRA in
his complaint, King's pleadings were insufficient to confer jurisdiction on the trial court to hear that claim. See Schroeder, 813 S.W.2d at 488. But see Texas
Dep't of Transp. v. Jones, 8 S.W.3d 636, 639 (Tex. 1999) (plaintiff's pleadings must state claim under Texas Tort Claims Act in order to confer jurisdiction on
court). We will assume without deciding that the time limitations of the TCHRA are jurisdictional. With this assumption, the trial court had jurisdiction to
hear the case only if King adequately pleaded his TCHRA claim within the sixty-day time limit.

 The jurisdiction of a trial court over the subject matter of a case is determined from the good-faith factual allegations contained in the plaintiff's pleadings. See
Brannon v. Pacific Employers Ins. Co., 224 S.W.2d 466, 469 (Tex. 1949); Jud v. City of San Antonio, 184 S.W.2d 821, 822-23 (Tex. 1945). The Department
argues that King's original petition, which was filed fifty-nine days after receipt of the right-to-sue letter, does not constitute filing a "civil action" within the
meaning of section 21.254 because it fails to specifically name the TCHRA. King counters that his original petition satisfies the requirements because it alleges
facts sufficient to support a claim under the TCHRA and thus meets the requirements of section 21.254. We agree with King that the original complaint
pleaded sufficient facts to constitute a suit under the TCHRA and therefore met the statutory requirements necessary to confer jurisdiction on the trial court.

 With regard to the statutory requirements of the TCHRA, appellees are conflating two related but distinct issues. The first issue is whether King timely
pleaded facts to state a cause of action under TCHRA; the second is whether King properly pleaded jurisdictional facts. Section 21.254 of the TCHRA
addresses only the former issue, not the latter. It states: "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may
bring a civil action against the respondent." Labor Code § 21.254. While this statute establishes a time limit for filing a civil action, it does not set a time limit
for pleading appropriate jurisdictional facts. In this instance, the only jurisdictional question is whether the statutory pleading requirements were met.

 In undertaking this review, we are mindful that we are reviewing the pleadings for incurable pleading defects; we are not reviewing the sufficiency of the
evidence to support the merits of the cause of action alleged by King against the Department. Further, we note that in Texas, there are no heightened pleading
requirements for immunity cases. See Harrison v. Texas Dep't of Criminal Justice, 915 S.W.2d 882, 887-88 (Tex. App.--Houston [1st Dist.] 1995, no writ). In
state court, the purpose of pleadings is to fairly notify the other party of the basis of the pleader's claims. See Tex. R. Civ. P. 45, 47. Generally, a petition is
sufficient to confer jurisdiction on the court to hear a matter if it gives fair notice of acts upon which the pleader bases his claims so that the opposing party may
adequately prepare a defense. See Garvey v. Vawter, 795 S.W.2d 741, 742 (Tex. 1990); Tiller v. Martinez, 974 S.W.2d 769, 773 (Tex. App.--San Antonio
1998, pet. dism'd w.o.j.); Hernandez v. Texas Workers' Compensation Ins. Fund, 946 S.W.2d 904, 906 (Tex. App.--Eastland 1997, no writ). A petition is
sufficient if the cause of action may be reasonably inferred from what is specifically stated. See Crockett v. Bell,909 S.W.2d 70, 72 (Tex. App.--Houston [14th
Dist.] 1995, no writ).

 Under the TCHRA, an employer commits an unlawful employment practice if:



because of race, color, disability, religion, sex, national origin, or age the employer: 



(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation
or the terms, conditions, or privileges of employment; or 



(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment
opportunity or adversely affect in any other manner the status of an employee.





Labor Code § 21.051. The facts alleged in King's original petition to support his now-abandoned constitutional racial discrimination claim were substantially
identical to those asserted in his amended petition to support his TCHRA claim. He alleged that he applied and interviewed to fill a vacant position of
supervising attorney at the Department, a position that receives significantly more pay than King's current position as Assistant General Counsel. He also
alleged that the person who was subsequently hired for that position is significantly less qualified than King, that he was hired because of his race (African
American), and that King was denied the promotion because of his race (Native American). These facts, if true, would constitute discrimination based on race
"in connection with the compensation . . . of employment," and are clearly within the scope of the cause of action created under the TCHRA. We hold that,
under these circumstances, mere failure to reference a specific statute did not render the pleadings ineffective.

 In summary, we hold that King brought a civil action within sixty days of receiving the right-to-sue letter and that King's original petition alleged facts
sufficient to support a claim under the TCHRA. Therefore, the statutory filing deadline was met. Accordingly, we sustain King's first issue.



Veteran's Employment Preference Act Claim

 In King's second issue on appeal, he complains that the court erred in granting the Department's motion for no-evidence summary judgment on his Veteran's
Employment Preference claim. See Tex. Gov't Code Ann. § 657.005. King's original petition requested that the Department be ordered to promote him to
supervising attorney, assign him duties and responsibilities equal to other supervising attorneys, and award him the pay and benefits of a supervising attorney
retroactively effective February 1, 1996. Additionally, King requested an award of attorney's fees and costs. See Tex. Civ. Prac. & Rem. Code §§ 37.001,
106.002(b) (West 1999). King's amended petition included the same requests for relief and, in addition, requested that the court vacate the award of the
position to the other candidate. On March 9, 1998, the trial court denied the Department's plea to the jurisdiction as to injunctive relief sought by King, but
granted the plea as to all other forms of relief. (2) On November 12, 1998, the trial court granted the Department's request for summary judgment on the
remaining claim for injunctive relief under the Veteran's Employment Preference statute. It is this last order that is the subject of this appeal.

 With respect to the Veteran's Employment Preference claim, the Department asserted in its motion that King adduced no evidence to overcome the affirmative
defense of sovereign immunity and no evidence to support his claim that the Department had violated the Veteran's Employment Preference Act. (3) The defense
of sovereign immunity is a question of subject matter jurisdiction and as such is a legal question to be reviewed de novo on appeal. See Michael v. Travis
County Hous. Auth., 995 S.W.2d 909, 912 (Tex. App.--Austin 1999, no pet.). The other ruling, that plaintiff has adduced no evidence to create a genuine issue
of material fact, is reviewed under the standard of review for a no-evidence summary judgment.

 Taking the jurisdictional question first, we will review whether sovereign immunity prevents King from bringing an action against the Department under the
Veteran's Employment Preference Act. The appellees argue that as an agency of the state, the Department is immune from suit and liability unless the
legislature waives immunity. King argues to the contrary, that unlawful acts are not considered acts of the state under the doctrine of sovereign immunity. See
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 404 (Tex. 1997); Cobb v. Harrington, 190 S.W.2d 709, 712 (Tex. 1945).

 We agree with appellant that unlawful acts by officials are not acts of the state and therefore not immune from suit. See Cobb, 190 S.W.2d at 712. "A private
litigant does not need legislative permission to sue the State for a state official's violations of state law." Federal Sign, 951 S.W.2d at 404. Nonetheless,
finding no sovereign immunity from suit in this narrow circumstance does not eliminate the state's immunity from liability. See id. at 405-06. In Cobb, the
plaintiffs sought declaratory judgment against the Deputy State Comptroller that they were not legally liable to pay occupation tax on motor carriers. See Cobb,
190 S.W.2d at 710. The supreme court held that insofar as plaintiffs were merely seeking a declaration that the defendant was acting unlawfully, the action
could be maintained. See id. at 712.

 Even though suits against officials acting unlawfully may be brought, plaintiffs still may not seek monetary damages. See Federal Sign, 951 S.W.2d at 405-06. 
Additionally, they may not seek to control the official acting within the scope of his legal authority. See Harrison v. Bunnell, 420 S.W.2d 777, 779 (Tex. Civ.
App.--Austin 1967, no writ). In the present case, only King's requested injunctive relief--seeking to vacate the Department's award of the supervising attorney
position to the other candidate and award the position to him--survived the February 5, 1999 order on the Department's plea to the jurisdiction. However, his
request to order the Department to place him in the position of supervising attorney with concomitant duties, responsibilities, and pay falls into the category of
"controlling an official within his legal authority to act" and is barred by the sovereign immunity doctrine. See id. at 779. The trial court would have jurisdiction
only to declare the hiring process invalid and set aside the agency's decision. Thus, only King's specific request for relief vacating the award is not barred by
sovereign immunity.

 Because the trial court had jurisdiction to grant at least some of the relief sought in King's Veteran's Employment Preference claim, we must therefore
determine whether the trial court erred in granting the Department's motion for a no-evidence summary judgment as to that claim. A no-evidence summary
judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119 (1998). If the evidence supporting a finding rises to a level
that would entitle reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. See Havner, 953 S.W.2d at 711. 
Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create mere surmise or suspicion" of fact, and the legal effect is that
there is no evidence. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

 Under the Veteran's Employment Preference Act, a qualified individual "is entitled to a preference in employment with or appointment to a public entity or for
a public work of this state over other applicants for the same position who do not have a greater qualification." Tex. Gov't Code Ann. § 657.003 (West 1994). 
King asserts that the summary judgment evidence raised at least two questions of material fact: (1) whether he was as qualified as the other applicant; and (2)
whether his status as a veteran was considered in the hiring process. The Department contends the summary judgment evidence adduced by King does not raise
genuine issues of material fact because its own evidence conclusively proves that King was less qualified and that King's own self-serving testimony is
insufficient to defeat summary judgment.

 The summary judgment evidence includes depositions of King; Glen Scott, the attorney in charge of the hiring decision; and Paul Leche, who participated in
the interviewing. Additionally, the record includes the official job posting, containing a description of the duties and responsibilities of the supervising attorney
and required qualifications; the employment selection documentation on finalists, including analysis of each applicant's experience in the areas being
considered; and the resume of Kenneth Owens, the individual ultimately selected over King for the supervising attorney position. The employment selection
documentation is a record of the interviews of the five applicants. According to the affidavit of Scott, the applicants were each asked the same questions in
each of four subject areas. The notes from these interviews were transcribed into the documentation. The Department contends that the statement at the end of
the documentation made by Scott--that Owens was the most qualified applicant--is conclusive. We disagree that the statement constitutes conclusive proof. 
Scott wrote his conclusion after he had already made the decision to hire Owens; the statement alone does not constitute conclusive proof that Owens was the
more qualified applicant. It is apparent from the evidence that the hiring decision was subjective and that the two finalists were similarly qualified. Reasonable
minds could therefore find either applicant more qualified or each equally qualified.

 The summary judgment evidence is sufficient to raise a genuine issue of material fact regarding the applicants' relative qualifications. King's deposition goes
into great detail describing how he has specific job experience and performance superior to that of Owens. Scott's deposition says the opposite. King's burden
here is low; he must only produce more than a scintilla of evidence that he is equally qualified. See Havner, 953 S.W.2d at 711. Besides King's own testimony,
there is additional evidence that amounts to more than a scintilla supporting King's claim that he was at least as qualified as the other candidate. The evidence
shows that Owens is board certified in administrative law and has participated in more hearings than King. On the other hand, King has much broader
experience as a hearings officer. While King has supervisory experience as the managing partner of a law firm and a rating officer in the Naval reserves, Owens
has supervised up to seven legal secretaries. Whether one or the other is more qualified for the job is a highly subjective question. The experience of each
candidate is so diverse as to defy direct comparison. The documents do not provide any quantitative guidance as to how to weigh different types of experience
or skill. (4) In addition to the resumes and interviews, Scott had worked with both of the applicants and took that experience into consideration when making his
decision. There is no evidence in the record of the role his personal experience played in his hiring decision. In sum, while the evidence itself is not
conclusive, it at least raises a fact question on the issue of the candidates' qualifications. Accordingly, we sustain the portion of King's second issue complaining
of the trial court's summary judgment on his request for injunctive relief seeking to have the previous hiring process declared invalid.



CONCLUSION


 Because King met the statutory pleading requirements to maintain his THRCA claim, jurisdiction of that claim was proper in the trial court. Accordingly, we
hold that the trial court erred in dismissing the claim, and we remand that portion of the cause to the trial court. With respect to King's Veteran's Employment
Preference claim, we hold that the trial court lacked jurisdiction over that claim except as to King's request for injunctive or declaratory relief concerning the
validity of the hiring process by which Owens was selected over King, and we dismiss all except that portion of the cause for lack of jurisdiction. As to the
portion of King's Veteran's Employment Preference claim over which the trial court did have jurisdiction, we hold that summary judgment was erroneously
granted because King adduced sufficient evidence to overcome the Department's no-evidence motion for summary judgment. The trial court's judgment
regarding King's Veteran's Employment Preference claim is reversed, and the portion of that claim over which the trial court had jurisdiction is remanded to the
trial court for further proceedings.





 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel, and Patterson

Reversed and Remanded in Part; Dismissed in Part

Filed: May 31, 2000

Do Not Publish Released for publication September 12, 2000. Tex. R. App. P. 47.3(c).

1. In Dubai, plaintiffs were foreign citizens seeking to invoke the subject matter jurisdiction of the court under Texas Civil Practice and Remedies Code
section 71.031, which allows foreign citizens to bring a suit in Texas courts if they are from a country with equal treaty rights with the United States. See
Dubai, 12 S.W.3d at 73-74. The court in Dubai found that the requirements under the "equal treaty rights" provision were not jurisdictional, expressly
overruling Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926). See id. at 76-77.

2. King sought an order vacating the hiring decision and awarding the position to him. Both forms of relief may be characterized as injunctive.

3. Although the trial court denied the Department's pleas to the jurisdiction on sovereign immunity grounds as to the Veteran's Employment Preference claim,
subject matter jurisdiction may always be raised on appeal and thus will be considered. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445
(Tex. 1993).

4. Owens described various time allocations for certain skills that the supervising attorney would use in that position. For example, Owens estimated 10% of
the supervising attorney's time would be dedicated to giving advice concerning administrative hearings and that 50% of the time would be spent providing
technical legal guidance and advice. Whether these time requirements also provided guidelines for the relative importance of each applicant's qualifications in
these different skill areas is not clear.